```
 1        since September.  There is a letter in the
 2        file, an exhibit to the complaint that on
 3        the face of it, it appears to acknowledge
 4        the liability.
 5                MR. HOLLANDER:  I respectfully
 6        disagree, Your Honor.  If you look at the
 7        letter --
 8                THE COURT:  It's not a question of
 9        disagreeing.  The letter is there.  And
10        besides, it's January, it's the end of
11        January.  Your client has done nothing to
12        defend the case.  Maybe there's a good
13        defense.  You'll get a chance to make a
14        motion to reopen a default judgment and
15        prove the defense.  Which is what you're
16        going to have to do.  But somebody who
17        requires a trustee to file a claim on what
18        is on the face of it a valid claim,
19        following a letter, following two letters --
20        they are annexed to the complaint, Exhibits
21        2 and 3, I read them this morning -- and
22        then get sued and does absolutely nothing
23        about it until the day before a motion for a
24        default judgment does not manifest a good
25        faith intention to defend in good faith.  So
```

4

1   I'm going to grant the motion, and you'll
2   have ample opportunity to make a motion to
3   reopen the default.  But the burden is heavy
4   to do that.
5              MR. HOLLANDER:  May I have an
6   opportunity to respond before you --
7              THE COURT:  Sure, you can.
8              MR. HOLLANDER:  If I may, Your
9   Honor.
10             THE COURT:  Sure.
11             MR. HOLLANDER:  I have been
12  representing this client on litigations in
13  their construction field.  There is another
14  attorney that they have, his name is John
15  Mahoney.  He's been ill over time.  I've
16  taken over some cases for him.  I spoke --
17  what I was able to do yesterday, in addition
18  to counsel's cooperation in helping me to
19  catch up, was I was able to speak to both
20  the client and I got Mr. Mahoney on the
21  phone yesterday.
22             The client indicated to me with
23  respect to their intent to defend this
24  matter that they immediately told Mr.
25  Mahoney, who confirmed that to me when I

5

1   spoke with him yesterday.  The client's
2   understanding was that Mr. Mahoney was
3   handling it as he has and does other
4   matters.  In fact, Your Honor, the
5   defendant --
6           THE COURT:  Sir, what you're saying
7   may all be evidence by affidavits, not by
8   you, but by Mr. Mahoney --
9           MR. HOLLANDER:  Understood, Your
10  Honor.
11          THE COURT:  -- by the people in
12  your motion to reopen the default.  But your
13  client is woefully in default.  And I'm
14  going to grant the relief, because they're
15  entitled to relief.  All right?
16          MR. HOLLANDER:  Okay, Your Honor,
17  so you want me to move my motion to vacate
18  then?
19          THE COURT:  Whatever you want to
20  do.  I don't know what you will be advised
21  to do.
22          MR. HOLLANDER:  I understand.
23          THE COURT:  But your client has had
24  this complaint since August.  They've been
25  in default since September.  They have made

6

1   no effort to respond even to the motion for
2   a default judgment.  None.  So too little
3   too late.  All right?
4           MR. HOLLANDER:  Okay, Your Honor.
5           THE COURT:  Order is signed.
6           MS. MATERA:  Thank you, Judge.
7           THE COURT:  Thank you, Ms. Matera.
8
9           (Whereupon, the above-captioned
10  electronically recorded proceedings
11  concluded.)
12
13
14              C E R T I F I C A T E
15      I certify that the foregoing is a correct
16  transcript from the OFFICIAL COPY of electronic
17  sound recording of the proceedings in the
18  above-entitled matter.
19
20          [signature]
21      KAREN SCHMIEDER        7 February 2007
22
23
24
25

1

### A
able 4:17,19
above-captioned 6:9
above-entitled 6:18
absolutely 3:22
acknowledge 3:3
action 2:21
addition 4:17
adjournment 2:14
ADLAI 1:15
Adv 1:6
advised 5:20
affidavits 5:7
ample 4:2
annexed 3:20
APPEARANC... 1:17
appears 3:3
attorney 4:14
August 2:25 5:24

### B
BANKRUPTCY 1:1,15
basis 2:16,17
behalf 2:7
burden 4:3

### C
C 6:14,14
called 2:13
case 1:3 2:20 3:12
cases 4:16
catch 4:19
cause 2:21
certify 6:15
Chambers 2:13
chance 3:13
Chapter 1:3
claim 3:17,18
clear 2:20
CLERK 2:1
client 2:18,22,25 3:11 4:12,20 4:22 5:13,23
client's 5:1
complaint 2:24 3:2,20 5:24
concluded 6:11
confirmed 4:25
construction 1:10 2:8 4:13
cooperation 4:18
COPY 6:16
correct 6:15
Counsel 2:5
counsel's 4:18
COURT 1:1,15 2:3,5,10,15,23 3:8 4:7,10 5:6 5:11,19,23 6:5 6:7
CSR 1:22

### D
day 3:23
Debtor 1:5,18
default 1:13 2:25 3:14,24 4:3 5:12,13,25 6:2
defend 2:19 3:12 3:25 4:23
defendant 1:20 2:8 5:5
Defendants 1:11
defense 3:13,15
disagree 3:6
disagreeing 3:9
DISTRICT 1:1

### E
E 6:14,14
effort 6:1
electronic 1:24 6:16
electronically 6:10
entitled 5:15
ESQ 1:20
evidence 5:7
exhibit 3:2
Exhibits 3:20

### F
F 6:14
face 3:3,18
fact 5:4
faith 3:25,25
February 6:21
field 4:13
file 3:2,17
Fire 1:4,6 2:1
Flintlock 1:10 2:8
following 3:19 3:19
foregoing 6:15

### G
going 3:16 4:1 5:14
good 2:4 3:12,24 3:25
grant 4:1 5:14
Gurock 1:18

### H
handling 5:3
HARDIN 1:15
HEATING 1:9
heavy 4:3
hello 2:3
helping 4:18
Hollander 1:20 1:21 2:6,7,7,12 2:17 3:5 4:5,8 4:11 5:9,16,22 6:4
Honor 2:6,13,18 3:6 4:9 5:4,10 5:16 6:4
HONORABLE 1:15

### I
ill 4:15
immediately 4:24
indicated 4:22
intended 2:19
intent 4:23
intention 3:25

### J
January 1:6 3:10,11
John 4:14
Judge 1:15 2:4 6:6
judgment 1:13 3:14,24 6:2

### K
KAREN 1:22 6:21
know 5:20
Kurtzman 1:18

### L
Larry 1:20 2:6
late 6:3
letter 3:1,7,9,19
letters 3:19
liability 3:4
litigations 4:12
little 6:2
LLC 1:10
LLP 1:19,21
look 3:6

### M
Mahoney 4:15 4:20,25 5:2,8
manifest 3:24
Matera 1:18,18 2:3,4 6:6,7
matter 2:19 4:24 6:18
matters 5:4
Meister 1:22
merits 2:20
morning 2:4 3:21
motion 1:13 2:9 3:14,23 4:1,2 5:12,17 6:1
move 5:17

### N
name 4:14
NEW 1:1
NY 1:5

### O
OFFICIAL 6:16
Okay 5:16 6:4
opportunity 4:2 4:6
opposition 2:9 2:11,15,16,18
Order 6:5

### P
people 5:11
phone 4:21
Plains 1:5
Plaintiff 1:8,18
PLUMBING 1:9
problem 2:23
proceedings 1:24 6:10,17
produced 1:25
prove 3:15

### Q
question 3:8

### R
R 6:14
RDR 1:22
read 3:21
recorded 1:24
6:10
recording 1:24 6:17
relief 5:14,15
reopen 3:14 4:3 5:12
representing 4:12
requires 3:17
respect 4:23
respectfully 3:5
respond 4:6 6:1
retained 2:12
right 5:15 6:3
ROSEMARIE 1:18

### S
S 1:15
saying 5:6
Schmieder 1:22 1:22 6:21
Scuderi 1:19
seen 2:10
September 3:1 5:25
served 2:24
service 1:25
Services 1:10 2:8
signed 6:5
sir 2:24 5:6
somebody 3:16
sound 1:24 6:17
SOUTHERN 1:1
speak 4:19
spoke 4:16 5:1
STATES 1:1,15
Strauss 1:21 2:7
sued 3:22
Suppression 1:4 1:6 2:1
Sure 4:7,10
SYSTEMS 1:4,7
S&S 1:4,6 2:1,21

### T
T 6:14,14
taken 4:16
TAP 1:9
Thank 6:6,7
time 4:15
told 4:24
transcript 1:13 1:25 6:16
transcription 1:25

### Transcriptionist 1:22
trustee 3:17
two 3:19

### U
understand 5:22
understanding 5:2
Understood 5:9
UNITED 1:1,15

### V
v 1:8
vacate 5:17
valid 3:18

### W
want 5:17,19
White 1:5
woefully 5:13

### X
x 1:2,6,12

### Y
yesterday 2:13 2:14 4:17,21 5:1
YORK 1:1

### #
#05-08645-ash 1:6

### 0
04-22183 1:3

### 1
11 1:3

### 2
2 3:21
2006 1:6
2007 6:21
25 1:6

### 3
3 3:21
3 3:21

### 7
7 6:21

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
In re:                                              Chapter 11
                                                    Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                    Debtor.
-----------------------------------x
S&S Fire Suppression Systems, Inc.                  Adv. Pro. No. 05-08645(ASH)

                    Plaintiff,
   v.

TAP Plumbing & heating, Inc. and
Flintlock Construction Services, L.L.C.,

                    Defendants.
-----------------------------------x

## JUDGMENT BY DEFAULT

**THIS MATTER** having been opened to the Court upon the motion of S&S Fire Suppression Systems, Inc., and plaintiff ("Plaintiff") in the within adversary proceeding, by and through its attorneys, Kurtzman Matera Gurock Scuderi & Karben, LLP, for the entry of a judgment by default against defendant Flintlock Construction Services, L.L.C. ("Flintlock"), pursuant to Federal Rule of Civil Procedure 55(b) and F.R.B.P. 7055(b); and the Clerk of the Bankruptcy Court having entered default against Flintlock on November 28, 2005 for Flintlock's failure to file an answer or otherwise respond to the Plaintiff's complaint; and the Court having relied upon the Motion of the Plaintiff and Entry of Default by the Clerk of the

Court submitted in support hereof, and due notice having been given; and for cause shown; it is

**ORDERED** that: Judgment by default be, and it hereby is, entered against Flintlock Construction Services, L.L.C., a defendant in the within adversary proceeding in the following amounts:

1. Plaintiff is awarded its receivable in an amount of $70,775.00.

2. Plaintiff is awarded interest from February 4, 2004 to the date of this Order at the rate of 1.25 percent.

3. Plaintiff is awarded attorneys fees and costs in an amount of $2,433.00.

4. Plaintiff is awarded interest at the New York State statutory judgment rate from the date of this Order until satisfied in full.

/s/ Adlai S. Hardin, Jr.
Honorable Adlai S. Hardin, Jr.
United States Bankruptcy Judge

Dated: White Plains, New York
       January 25, 2006

-17-

A:\Flintlock Judge of Default.wpd

A:\Flintlock Judge of Default.wpd

Larry B. Hollander (LH9249)  
Hollander & Strauss, LLP  
40 Cutter Mill Road Suite 203  
Great Neck, New York 11021  
Flintlock Construction Services, LLC

Return Date: February 14, 2007  
Return Time: 9:40 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------X  
In re:

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Chapter 11  
Case No.: 04-22183 (ASH)

Debtor.  
---------------------------------------------------------X  
S&S FIRE SUPPRESSION SYSTEMS, INC.,

Plaintiff,

Adv. Pro. No. 05-08645 (ASH)

-against-

TAP PLUMBING & HEATING, INC., AND  
FLINTLOCK CONSTRUCTION SERVICES, LLC.,

Defendants.  
---------------------------------------------------------X

**AMENDED NOTICE OF MOTION TO: (A) REOPEN BANKRUPTCY CASE; and (B) SET ASIDE DEFAULT JUDGMENT AND STAY ENFORCEMENT AND EXECUTION**

PLEASE TAKE NOTICE, that on February 14, 2007 at 9:40 a.m., or as soon thereafter as counsel may be heard, the undersigned, counsel to Flintlock Construction Services, LLC, Defendant in the above adversary proceeding, ("Flintlock") shall move this court before the Honorable Adlai S. Hardin, Jr., United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 and seek an Order:

    (a)    reopening the case pursuant to 11 U.S.C. §350(b) and Local Bankruptcy Rule 5010-1; and

(b) setting aside the default judgment entered against Flintlock on January 27, 2006, pursuant to F.R.Civ.P. 60(b)(4) and F.R.Bankr.P. 9024 or alternatively F.R.Civ.P. 60(b)(1) and F.R.Bankr.P. 9024 and permitting Flintlock to serve an Answer to the Complaint; and

(c) staying all proceedings to enforce the default judgment while this motion is pending pursuant to F.R.Civ.P.62(b) and F.R.Bankr.P. 7062.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested herein shall be in writing, filed with the Clerk of the Bankruptcy, and served upon the undersigned not later than three (3) days prior to the return date hereof.

Dated: Great Neck, New York
January 26, 2007

                          HOLLANDER & STRAUSS, LLP
                          Attorneys for Defendant
                          Flintlock Construction Services, LLC

                          By:_____
                              Larry B. Hollander (LH9249)
                          40 Cutter Mill Road, Suite 203
                          Great Neck, New York 11021
                          (516) 498-1000

**TO:** **KURTZMAN, MATERA, GUROCK, SCUDERI & KARBEN, LLP**
Attorney for Debtor-Plaintiff
S&S Fire Suppression Systems, Inc.
2 Perlman Drive
Spring Valley, New York 10977

**ROBERT J. MCGOEY, ESQ.**
Attorney for Defendant
Tap Plumbing & Heating, Inc.
271 North Avenue, Suite 1012
New Rochelle, New York 10801

G:\1324-104\Motions Pleadings Stips\NOM Vacate Jmt.2.doc

2

Larry B. Hollander (LH9249)
Hollander & Strauss, LLP
40 Cutter Mill Road Suite 203
Great Neck, New York 11021
Flintlock Construction Services, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

S&S FIRE SUPPRESSION SYSTEMS, INC.,

                    Debtor.
-------------------------------------------------------X
S&S FIRE SUPPRESSION SYSTEMS, INC.,

                    Plaintiff,

-against-

TAP PLUMBING & HEATING, INC., and
FLINTLOCK CONSTRUCTION SERVICES, LLC.,

                    Defendants.

-------------------------------------------------------X

Chapter 11
Case No.: 04-22183 (ASH)

Adv. Pro. No. 05-08645 (ASH)

**AMENDED AFFIRMATION IN SUPPORT OF MOTION TO: (A) REOPEN CASE; and (B) SET ASIDE DEFAULT JUDGMENT AND STAY EXECUTION AND ENFORCEMENT**

    LARRY B. HOLLANDER, an attorney duly admitted to practice law before the courts of the State of New York and the Federal Courts for the Southern District of New York, hereby affirms the following under the penalties of perjury:

### INTRODUCTION

1.    I am a member of the firm of Hollander & Strauss, LLP, attorneys for defendant Flintlock Construction Services, LLC ("Flintlock") and, as such, I am familiar with the facts and circumstances set forth herein.

2. I submit this Amended Affirmation in support of Flintlock's Motion for an Order: (a) reopening the case pursuant to 11 U.S.C. §350(b) and Local Bankruptcy Rule 5010-1[1]; and (b) setting aside the default judgment entered against Flintlock on January 27, 2006 pursuant to F.R.Civ.P. 60(b)(4) or alternatively F.R.Civ.P. 60(b)(1); and (b) staying all proceedings to enforce the default judgment while this motion is pending pursuant to F.R.Civ.P.62(b)[2].

3. The Court is respectfully referred to: the accompanying Affidavit of Stephen Weiss, Jr., Member of Flintlock Construction Services, LLC, for the specifics of the factual background; and the accompanying Memorandum of Law for the specifics of the legal arguments.

## FACTS RELEVANT TO FLINTLOCK'S APPLICATION UNDER F.R.CIV.P. 60(b)(4)

4. Defendant Flintlock is a New York limited liability company engaging in general construction with a current address of 77 N. Water Street Greenwich, CT 06830. (Weiss Afdvt., ¶¶3, 17)

5. Debtor S&S Fire Suppression Systems, Inc.'s ("S&S") Complaint in this proceeding was sent to Flintlock via first class mail. (Exhibit "H")(Weiss Afdvt., ¶16).

6. The Complaint was mailed in an unmarked envelope, postmarked August 25, 2005, to Flintlock's old address, and was labeled as follows:

**Flintlock Construction Services**
**100 Putnam Green**
**Greenwich, Connecticut 06830**

(Exhibit "H") (Weiss Afdvt., ¶16)

---

[1] The subject bankruptcy proceeding was terminated on May 31, 2006.
[2] Bankruptcy Rule 9024 incorporates by reference Rule 60(b) of the Federal Rules of Civil Procedure. Bankruptcy

2

7.  Upon information and belief the United States Post Office forwarded the S&S Complaint to Flintlock's current address, located <u>at 77 Water Street, Greenwich, CT 06831</u> (Weiss Afdvt., ¶17)

8.  S&S utilized no other form of service besides first class mail (Weiss Afdvt., ¶18).

## VACATING THE DEFAULT JUDGMENT UNDER F.R.CIV.P. 60(b)(4)

9.  Rule 60(b)(4) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment when that judgment is void. It is Flintlock's position that the subject default judgment is void because S&S failed to effect proper service of process pursuant to Bankruptcy Rule 7004(b)(3).

10. Bankruptcy Rule 7004(b)(3) requires that service by first class mail on a domestic corporation be addressed to "the attention of an officer, a managing agent or a general partner, or to any other agent authorized by appointment or by law" to receive service of process. This requires that service of process be addressed to an appropriate individual at the corporation by name or by title. Courts vary on the specificity required: some courts require that it be addressed to a person by name, while others require that it be addressed to that person's title. <u>However, Courts universally agree that merely mailing the Complaint to the corporation's post office box is insufficient</u> (See Memo of Law).

11. Here it is undisputed that S&S delivered the Complaint upon Flintlock by first class mail to 100 Putnam Green, Greenwich Connecticut 06830, in an unmarked envelope, without addressing the process to the attention of any officer, managing agent or general agent of Flintlock (Weiss Afdvt., ¶16).

---

Rules 7062 incorporates by reference Rule 62 of the Federal Rules of Civil Procedure.

3

12. Failure to address the service of process to the attention of an officer or agent of Flintlock violates the statutory requirements of Bankruptcy Rule 7004(b)(3). Consequently, S&S's service of process did not meet the requirements of Bankruptcy Rule 7004(b)(3).

13. A Default Judgment entered when there has been no proper service of process is void as a matter of law and must be set aside (See Memo of Law).

### FLINTLOCK'S RECEIPT OF THE COMPLAINT DID NOT REMEDY THE DEFECTIVE SERVICE OF PROCESS

14. Flintlock eventually received the S&S Complaint at it current address. However, this does not provide S&S with an argument that service of process was effectuated simply based on adequate and timely notice of the instant adversary proceedings to Flintlock. Notice can not by itself validate an otherwise defective service of process (See Memo of Law).

15. Service of process is a separate prerequisite to obtaining jurisdiction over a party, one that is independent of due process considerations. A Bankruptcy Court's power to adjudicate the rights and liabilities of a defendant is dependent not only on compliance with due process, but also on compliance with the technicalities of Bankruptcy Rule 7004 (See Memo of Law). In this adversary proceeding, service of process on Flintlock was not made in accordance with Bankruptcy Rule 7004(b)(3) and jurisdiction over Flintlock was never obtained. As a result, the Default Judgment is void and must be vacated.

### FACTS RELEVANT TO FLINTLOCK'S APPLICATION UNDER F.R.CIV.P. 60(b)(1)

16. This adversary proceeding stems from a contract between Flintlock, as

4

-23-

design/build contractor and the Purchase College Foundation Housing Corporation ("PCFHC") for the construction of thirteen new student residential buildings at the State University of New York College of Purchase, which consisted of two phases of construction (the "Project") (Weiss Afdvt., ¶3).

17. As part of the Project, on or about September 9, 2002, Flintlock entered into an agreement with defendant TAP Plumbing & Heating, Inc. ("TAP") (Exhibit "A"). TAP, as subcontractor, agreed to provide Flintlock with certain labor, materials and/or equipment required for the Project's plumbing systems (Weiss Afdvt., ¶4).

18. TAP then entered into an agreement with S&S, as sub-subcontractor, under which S&S was to furnish and install certain labor and materials at the Project for TAP (Weiss Afdvt., ¶5).

19. Upon information and belief, in or about January, 2003, TAP breached its subcontract with S&S by failing to remit certain payments to S&S (Weiss Afdvt., ¶6).

20. In order to complete the first phase of the Project, Flintlock needed S&S, as a licensed sprinkler suppression contractor, to perform certain sprinkler inspections therein (Weiss Afdvt., ¶7).

21. To induce S&S to perform said sprinkler inspections, Flintlock issued a letter to S&S, dated February 24th letter, which stated that, "Flintlock agrees that payments due to TAP from pending and future requisitions will be paid to S&S until S&S has been fully paid according to the terms of its contract with TAP." (the "February 24th Letter") (Exhibit "B") (Weiss Afdvt., ¶8).

22. S&S acknowledges in its Verified Complaint that the February 24th Letter was

5