

100 PUTNAM GREEN, 2ND FLOOR, GREENWICH, CT 06830   PHONE: (203) 531-0530 / FAX: (203) 531-0703

Monday, September 09, 2002

TAP PLUMBING AND HEATING INC.
24 SOUTH STREET
PEEKSKILL, N.Y. 10566
914 736 7072
914 736 3215 FAX
ATT: R. SENCA PRES.

Re: Student housing (phase II)
SUNY Purchase
Purchase, N.Y. 10577

Dear MR. SENCA

This shall serve as a Letter of Intent to award Tap Plumbing the contract for The Plumbing, Heating & Sprinkler as per The Plans and Specifications prepared by Gene Kaufman Architect s the plans are dated 6/06/02 the specification are dated 4/15/02 and the requirements of the R.F.P for this project a copy of which has been provided for Student Housing SUNY Purchase for the lump sum of $1,000,000 (one million dollars) for. All work to conform to plans and specifications.

In Accordance with the following:
1. The stipulated sum includes all work to be within 5 feet of the exterior of the buildings.
2. FCS will do all concrete coring.
3. All Split system A.C units (MUH15EN)
4. The drawings and specifications are as prepared by GKA, Tangel engineers.
5. Drawings that are related to this contract are H101 to H 304  P 101 to p 304 SP 101 to SP 302 all dated 7/26/02 .
6. All boiler breaching and flue pipe to roof of all 13 buildings
7. All excavation by FCS
8. All concrete pads by FCS
9. All insulation in crawl spaces and where required on all piping installed by this contract
10. Requisitions are on a monthly basis.
11. The Architectural drawings are A100 through A702 dated 6/06/02 as prepared by Gene Kaufman Arch.
12. The general conditions, schedule of submittals and The Flintlock Safety Program part of this contract
13. All required testing
14. All DDCVA and test station
15. Connect all piping to modular buildings on both floors
16. This contract is on TIME IS OF THE ESSENCE
17. All Tap Plumbing & heating proposals for this project.
18. Performance bond will be required by Flintlock Cons. Services LLC.

In addition, Tap Plumbing and Heating Inc, will also be responsible for cleaning all debris resulting for their work and dispose of all in containers provided by Flintlock Construction Services. All work to commence as directed by FCS field supervisor.

Please note that we will need immediately, Worker's Compensation and Liability Insurance Certificate naming Flintlock Construction Services LLC. And the attached list of additional insured.

Sub contractor agrees to pay General Contractor and Owners any deductibles on insurance claims due to accidents or occurrences rising as a direct result on the sub contractors part. The Flintlock Construction safety plan will be forwarded under separate cover. Please sign letter of intent below and fax back to the number above. Please contact field super Drew Stetler at 914 251 5935

AGREED AND ACCEPTED BY:

_____        _____ 9/24
Andrew B. Weiss, Flintlock Construction Services, LLC    Mr. Richard Senca Pres Tap Plumbing and Heating g.

Cc: GVP, File
Via Fax 914 736 3215



**FLINTLOCK**
CONSTRUCTION SERVICES L.L.C.

100 Putnam Green, Greenwich, Connecticut 06830 TEL:203-531-0550 FAX:203-531-0708

February 24, 2003

S & S Fire Suppression Systems
425 Western Highway
Tappan, NY 10983

RECEIVED
FEB 26 2003
S & S FIRE

Re: S.U.N.Y. Purchase Phase II Housing

Gentlemen:

We are the Design/Build Contractor for the above referenced project. Tap Plumbing & Heating ("Tap") is a subcontractor to us on this project. Tap has been paid by Flintlock for approximately 70% for the work of S & S Fire Suppression Systems ("S&S"), yet Tap acknowledges that Tap has only paid S & S appx 12% of the sum due to S & S.

Flintlock acknowledges the representations of both S & S and Tap that S & S is owed appx. $82,000 by Tap as of this date.

Flintlock agrees that payments due to Tap from pending and future requisitions will be paid to S & S until S & S has been fully paid according to the terms of its contract with Tap.

Sincerely,

Flintlock Construction Services LLC
Stephen Weiss Jr
Member

c: Tap Plumbing & Heating
   Drew Stetler
   Andrew Weiss

Exhibit C    -44-

UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re: S&S Fire Suppression Systems, Inc.           Bankruptcy Case No.: 04-22183-ash

S&S Fire Suppression Systems, Inc.

Plaintiff,

—against—

Tap Plumbing & Heating, Inc.
Flintlock Construction Services, LLC           Adversary Proceeding No. 05-08645-ash

Defendant

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: |
|---|
| Clerk of the Court<br>United States Bankruptcy Court<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| Rosemarie E. Matera<br>Kurtzman Matera Gurock Scuderi & Karben<br>2 Perlman Drive<br>Spring Valley, NY 10977 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601 | Room: Courtroom 520, White Plains Office, 300 Quarropas Street, White Plains, NY 10601 |
|---|---|
| | Date and Time: 9/28/05 09:40 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 8/23/05

Kathleen Farrell-Willoughby

*Clerk of the Court*

By: /s/ Awilda Rodriguez

*Deputy Clerk*

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP
2 Perlman Drive
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                                              Chapter 11
                                                    Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                    Debtor.
------------------------------------x
S&S Fire Suppression Systems, Inc.

                                                    Adv. Pro. No.
                    Plaintiff,
    v.

TAP Plumbing & Heating, Inc., and
Flintlock Construction Services, L.L.C.

                    Defendants.
------------------------------------x

**VERIFIED COMPLAINT (i) PURSUANT TO 11 U.S.C. § 542(b) FOR TURNOVER OF PROPERTY OF THE ESTATE, (ii) FRAUD IN THE ENDUCEMENT, (iii) BREACH OF CONTRACT AND (iv) BREACH OF IMPLIED CONTRACT**

S&S Fire Suppression Systems, Inc., the Debtor and Debtor in possession herein ("Debtor" or "S&S") and plaintiff in this proceeding, by and through its attorneys, Kurtzman Matera Gurock Scuderi & Karben, LLP alleges as follows:

1.  The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on February 4, 2004 ("Filing Date"), with the United States Bankruptcy Court for the Southern District of New York, White Plains.

2.  The Debtor remains in possession of its assets and manages its property as

-46-

a debtor in possession.

3. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this case which has retained Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP as its counsel.

4. Defendant TAP Plumbing & Heating, Inc. ("TAP") is a person as such is defined at Section 101(41) of the Code, with an address at 24 South Water Street, Peekskill, New York 10566, and is subject to the jurisdiction of this Court.

5. Defendant Flintlock Construction Services, L.L.C. ("Flintlock") is a person as such is defined at Section 101(41) of the Code, with an address at 100 Putnam Green, Greenwich, Connecticut 06830, and is subject to the jurisdiction of this Court.

6. Upon information and belief, TAP is represented by Robert J. McGoey, Esq., with an address at 271 North Avenue, Suite 1012, New Rochelle, New York 10801

7. In October, 2002, the Debtor entered into a contract with TAP ("Contract").

8. The Contract was for a project ("Project") at SUNY Purchase College, Purchase, New York 10577. The Contract was in an amount of $199,900.00.

9. The Contract was between TAP and S&S.

10. An Application and Certificate For Payment described as application no. 3 for the period through January 31, 2003, was forwarded to TAP by the Debtor seeking a payment of $70,775.00.

11. No portion of the $70,775.00 was, or has been, paid by TAP to S&S.

12. In a letter dated February 24, 2003 ("Letter"), Flintlock acknowledged the obligation from TAP to S&S.

13. In the Letter, Flintlock agrees that it will pay S&S "from pending and future

2

requisitions" due to TAP.

14. No portion of the $70,775.00 has been paid to S&S by Flintlock.

15. In reliance upon Flintlock's promise to pay S&S directly, S&S was induced to, and did provide inspections for the work it had performed.

16. The inspections provided by S&S allowed Flintlock to gain a Certificate of Occupancy for the Project.

17. Demand was made of TAP for payment of the $70,775.00 by letters dated March 3, 2004 and July 20, 2005 from Debtor's counsel.

18. Demand was made of Flintlock for payment of the $70,775.00 by letter dated July 20, 2005 from Debtor's counsel.

19. No portion of the $70,775.00 was paid by TAP to the Debtor following the issuance of the March 3, 2004 or July 20, 2005 letters.

20. No portion of the $70,775.00 was paid by Flintlock to the Debtor following the issuance of the July 20, 2005 letter.

21. TAP has failed and refused to turnover the funds due to the Debtor despite due demand.

22. Flintlock has failed and refused to turnover the funds due to the Debtor despite due demand.

23. The amount of funds owed by TAP to the Debtor is at least $70,775.00.

24. The amount of funds owed by Flintlock to the Debtor is at least $70,775.00.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

3

-48-

§1334 and 11 U.S.C. §§ 541 and 542(b).

26. This is a core proceeding pursuant to 28 U.S.C. §157 with a final determination to be rendered by the United States Bankruptcy Court.

27. Venue is proper pursuant to 28 U.S.C. §1409(a).

## AS AND FOR A FIRST CAUSE OF ACTION (TAP)

28. Debtor repeats and realleges the allegations in paragraphs "1" through "27" above as if set forth at length herein.

29. TAP is obligated to the Debtor in an amount of $70,775.00.

30. Despite due demand, no part of the $70,775.00 has been paid.

31. The $70,775.00 receivable is an asset of the Debtor and is property of the Debtor's bankruptcy estate.

32. TAP is obligated to pay the sum of $70,775.00 plus interest thereon pursuant to 11 U.S.C. §§ 541 and 542(b).

## AS AND FOR A SECOND CAUSE OF ACTION (Flintlock)

33. Debtor repeats and realleges the allegations in paragraphs "1" through "27" above as if set forth at length herein.

34. Flintlock is obligated to the Debtor in an amount of $70,775.00.

35. Despite due demand, no part of the $70,775.00 has been paid.

36. The $70,775.00 receivable is an asset of the Debtor and is property of the Debtor's bankruptcy estate.

37. Flintlock is obligated to pay the sum of $70,775.00 plus interest thereon pursuant to 11 U.S.C. §§541 and 542(b).

## AS AND FOR A THIRD CAUSE OF ACTION: FRUADULENT INDUCEMENT (FLINTLOCK)

38. Debtor repeats and realleges the allegations in paragraphs "1" through "37" above as if set forth at length herein.

39. Flintlock fraudulently induced S&S to provide the inspections for the Project based on the work it had performed.

40. Flintlock's claim that it intended to pay S&S "from pending and future requisitions" due to TAP was false and constituted a misrepresentation of fact which was false and at all times known to Flintlock to be false.

41. The misrepresentation made by Flintlock was for the purpose of inducing S&S to act upon and rely upon Flintlock's knowingly false statements.

42. S&S justifiably relied upon the misrepresentations of Flintlock and was induced by Flintlock into providing the inspections for the work it had performed. S&S's reliance on the misrepresentation of Flintlock caused damage to S&S in an amount to be determined at trial, but believed to be at least $70,775.00.

## AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF CONTRACT (TAP)

43. Debtor repeats and realleges the allegations in paragraphs "1" through "42" above as if set forth at length herein.

44. The Contract and any and all changes thereto between S&S and TAP constitute a legally binding agreement (collectively, "Agreement") between the parties (S&S and TAP) which has been breached by TAP.

5

45. TAP's refusal to pay the amount set forth in the Application and Certificate For Payment described as application No. 3 for the period through January 31, 2003, constitutes a breach of the Contract and the Agreement.

46. As a direct and proximate cause of the aforesaid breach of the Contract and the Agreement, S&S has suffered damages in an amount to be determined at trial, but believed to be at least $70,775.00.

## AS AND FOR A FIFTH CAUSE OF ACTION: BREACH OF IMPLIED CONTRACT (TAP)

47. Debtor repeats and realleges the allegations in paragraphs "1" through "46" above as if set forth at length herein.

48. The legal relations between S&S and TAP and the facts and circumstances hereinabove described in connection with the Contract, are such that the law implies the same to be (a) contractual agreement(s).

49. As a direct and proximate cause of the acts of TAP set forth above, TAP breached and defaulted in its legal obligations owed to S&S.

50. As a direct and proximate cause of the aforesaid breaches of the Contract, S&S has suffered damages in an amount to be determined at trial but believed to be at least $70,775.00.

## AS AND FOR A SIXTH CAUSE OF ACTION: BREACH OF IMPLIED CONTRACT (FLINTLOCK)

51. Debtor repeats and realleges the allegations in paragraphs "1" through "50" above as if set forth at length herein.

6

52. The legal relations between S&S and Flintlock and the facts and circumstances hereinabove described in connection with the Letter, are such that the law implies the same to be (a) contractual agreement(s).

53. As a direct and proximate cause of the acts of Flintlock set forth above, Flintlock breached and defaulted in its legal obligations owed to S&S.

54. As a direct and proximate cause of the aforesaid breaches, S&S has suffered damages in an amount to be determined at trial but believed to be at least $70,775.00.

WHEREFORE, Debtor respectfully requests that the Court enter judgment as follows: (i) On the First, Fourth and Fifth Causes of Action against TAP directing payment of at least $70,775.00 plus interest, costs and fees; (ii) On the Second, Third and Sixth Causes of Action against Flintlock directing payment of at least $70,775.00, plus interest, costs and fees; and (iii) granting such other and further relief as is deemed just and proper.

Dated: Spring Valley, New York
August 17, 2005

       KURTZMAN MATERA GUROCK SCUDERI & KARBEN, LLP
       Attorneys for Debtor/Plaintiff

       Rosemarie E. Matera (REM-0999)
       Kurtzman Matera Gurock Scuderi & Karben, LLP
       2 Perlman Drive
       Spring Valley, New York 10977
       845-352-8800

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP
2 Perlman Drive
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                      Chapter 11
                                                            Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                            Debtor.
------------------------------------------------------x
S&S Fire Suppression Systems, Inc.

                            Plaintiff,                      Adv. Pro. No. 05-

      v.

TAP Plumbing & Heating, Inc., and
Flintlock Construction Services, L.L.C.,
                                                            **VERIFICATION**

                            Defendants.
------------------------------------------------------x

State of New York  )
County of Rockland )ss.:

   Domenick Serrano, being duly sworn, deposes and states as follows:

   I am the principal of the Debtor herein; I have read the foregoing Verified Complaint and know the contents thereof; and assert that the statements contained therein are true and accurate.

                                                            _____
                                                            Domenick Serrano

Sworn to before me this
  9  day of August, 2005

_Lauretta B. Michella_
(Notary Public)


LAURETTA B. MICHELLA
Notary Public, State of New York
No. 01MI5057686
Residing in Rockland County
Commission Expires March 25, 2005

6

-53-

-54-

Exhibit D