## POINT III

## THE COURT SHOULD STAY EXECUTION AND ENFORCEMENT OF THE DEFAULT JUDGMENT UNDER FRCP 62(b)

Rule 62(b) of the Federal Rules of Civil Procedure gives this Court discretion to stay the execution or enforcement of a judgment pending the disposition of a motion made pursuant to Rule 60. In pertinent part Rule 62(b) provides:

> "In its discretion and on such conditions for the security of the adverse party, as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of . . . . a motion for relief from a judgment or order made pursuant to Rule 60, . . ." Fed. R. Civ. P. 60(b)

Flintlock respectfully requests that the Court stay execution and enforcement of the Default Judgment pending resolution of the instant Rule 60 application. Flintlock has established herein that the Default Judgment will likely be vacated and that it will ultimately succeed on the merits of its defense.

Furthermore, Flintlock is ready, willing and able to post the necessary security to protect S&S's interest in its current judgment. Under these circumstances there is simply no prejudice to the S&S if the Court stays execution and enforcement of the judgment while this Motion is pending.

## CONCLUSION

Based on the foregoing, Flintlock's Motion for an Order setting aside the Default Judgment entered against Flintlock on January 27, 2006, staying all proceedings to enforce said judgment, and permitting Flintlock to interpose an Answer should be granted.

Dated: Great Neck, New York
January 25, 2007

Respectfully submitted,

**HOLLANDER & STRAUSS, LLP**
Attorneys for Defendant
Flintlock Construction Services

By:______________________
Larry B. Hollander (LH9249)
40 Cutter Mill Road, Suite 203
Great Neck, New York 11021
(516) 498-1000

G:\1324-104\Motions Pleadings Stips\MOL Vacate Jmt.doc

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock & Scuderi, LLP
2 Perlman Drive
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

In re:

S&S Fire Suppression Systems, Inc.

Debtor.

Chapter 11
Case No. 04-22183(ASH)

-------------------------------------x

S&S Fire Suppression Systems, Inc.

Plaintiff,

v.

TAP Plumbing & Heating Inc. and
Flintlock Construction Services, L.L.C.,

Defendant.

Adv. Pro. No. 05-08645(ASH)

-------------------------------------x

**OPPOSITION OF S & S FIRE SUPPRESSION SYSTEMS, INC., TO THE MOTION OF FLINTLOCK CONSTRUCTION SERVICES, LLC TO (A) REOPEN BANKRUPTCY CASE; AND (B) SET ASIDE DEFAULT JUDGMENT AND STAY ENFORCEMENT AND EXECUTION**

TO: THE HONORABLE ADLAI S. HARDIN JR.
UNITED STATES BANKRUPTCY JUDGE

S & S FIRE SUPPRESSION SYSTEMS, INC. ("S&S") the reorganized debtor and plaintiff in the above captioned adversary proceeding, submits this Opposition To The Motion of Flintlock Construction Services, LLC ("Flintlock") To (a) Reopen Bankruptcy Case; and (b) Set Aside Default Judgment and Stay Enforcement and Execution, and respectfully sets forth as follows:

**BACKGROUND**

1. S&S filed a Complaint against TAP Plumbing & Heating Inc. ("TAP") and Flintlock ("Complaint") on August 17, 2005. The Clerk of the Court issued the Summons with Notice of Pre-

Trial Conference ("Summons and Notice") on August 23, 2005. The Summons and Notice was served on TAP and Flintlock on August 25, 2005.

2. TAP filed an answer to the Complaint on October 6, 2005 raising a Counterclaim against S&S and a Crossclaim against Flintlock.

3. Flintlock (i) did not answer the Complaint [1]; (ii) did not answer the Crossclaim; and (iii) did not appear at the pre-trial conference.

4. On November 28, 2005, the Clerk of the Court entered a default against Flintlock. The motion for default was brought on January 11, 2006. No response to the default motion was filed by Flintlock. On January 24, 2006, counsel for Flintlock requested an adjournment of the hearing. The Court declined to grant the adjournment. The hearing was held on January 25, 2006. The transcript of the hearing is annexed hereto as Exhibit "B". The Order granting the default judgment ("Order") was signed on January 25, 2006 and entered January 27, 2006.

5. The adversary proceeding continued as to S&S and TAP. It was resolved by an Order granting summary judgment on March 30, 2006. The adversary proceeding was closed by the Clerk of the Court on May 31, 2006.

6. On January 26, 2007, 365 days after the entry of the Order and 520 days after the issuance of the Summons and Notice, Flintlock filed the instant Motion.

## ARGUMENT

## THE COURT SHOULD DECLINE TO REOPEN THE ADVERSARY PROCEEDING

### A. Introduction

7. Initially, as noted by the Clerk of the Court the Motion seeks to incorrectly utilize

---

[1] Flintlock also chose not to respond to the demand letter of July 20, 2005, Exhibit "A" hereto.

Section 350 of the United States Bankruptcy Code ("Bankruptcy Code") and Federal Rule of Bankruptcy Procedure ("Rule") 5010 to reopen the adversary case. "Section 350 applies only to reopening bankruptcy cases and not to reopening adversary proceedings." In re Sun Healthcare Group, Inc., 2004 WL 941190 *1 (Bankr. D Del.) See also In re The Carbide Graphite Group, Inc., 338 B.R. 273, 275-76 ("11 U.S.C. §350 deals with the closing and reopening of a *bankruptcy* case. '[C]ase' is a term of art in bankruptcy practice and is to be distinguished from the adversary proceeding.") (citations omitted).

8. Rule 7055(c) addresses the method by which to seek to set aside an entry of default and default judgment. In this regard, Flintlock accurately looks to Rule 9024. (Federal Rule of Civil Procedure "FRCP" 60(b). The specific subsections of FRCP 60 referenced in the Motion are 60(b)(1) and 60(b)(4). Under either subsection, "the motion shall be made within a **reasonable** time" (emphasis added). Waiting a year from the entry of the Order was not reasonable.

## B. FRCP 60(b) AND THE REASONABLENESS REQUIREMENT

9. FRCP 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. " 'Properly applied FRCP 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. Final judgments should not be lightly reopened' and [t]he Rule may not be used as a substitute for a timely appeal. Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. A motion seeking such relief is addressed to the sound discretion of the court." Nemaizer v. Baker, 793 F. 2d 58, 61 (2d Cir. 1986). (citations omitted). "The Second Circuit requires that a Rule 60(b) motion be supported by evidence that is highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship result to the other parties." Chiulli v. Internal Revenue Service, 2006 WL 3008084 *2 (S.D.N.Y.), citing Greenberg v. Chrust, 01 Civ. 10090 (RWS), 2004 WL 585823 *3 (S.D.N.Y. March 25, 2004), Kotlicky v. United States Fidelity & Guarantee Co., 817 F. 2d 6, 9 (2d Cir. 1987).

10. A motion brought pursuant to FRCP 60(b) must be made within "a reasonable time". In addition, if relief is being sought under subsection (1), (2) or (3) of FRCP 60(b), the motion must be made no later than one year after the challenged order was entered. "This does not mean, however, that every motion filed pursuant to subsection (1), (2) or (3) that is made within the maximum one year period will be considered timely; undue delay may nevertheless preclude a party from relief". Laurence v. Trans World Airlines, Inc., 1993 WL322796 *2 (S.D.N.Y.), citing Dickerson v. Baker, 133 F.R.D. 105, 106 n. 2 (S.D.N.Y. 1990). "What constitutes a 'reasonable time' is well within this Court's discretion. In re Meadowcroft, 2005 WL 1286006 *4 (Bankr. D. Vt.). (Finding a five month delay unreasonable). See also Truskoski v. ESPN, Inc., 60 F. 3d 74, 77 (2d Cir. 1995) (Motions under all parts of FRCP 60(b) must be made "within a reasonable time"); Dickerson v. Baker, id. "As the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show the delay was reasonable." In re Worldcom, Inc. Securities Litigation, 2006 WL 2709855 *5 (S.D.N.Y.), quoting Amoco Overseas Oil Co. V. Compagnie Nationale Algerienne de Navigation, 605 F. 2d 648, 656 (2d Cir. 1979). "[W]hen a party demonstrates a lack of diligence in defending a lawsuit, a court need not set aside a default." State Street Bank and Trust Company v. Inversiones Errazuriz Limitada, 374 F. 3d 158, 177 (2d Cir. 2004).

11. In the instant case, Flintlock took the one year maximum to the 365th day. Flintlock offers no reason whatsoever for the delay which mirrors its consistently prejudicial behavior in this matter. Indeed, at the January 25, 2006 hearing, counsel for Flintlock recognized and discussed the possibility of moving to vacate the default. Exhibit "B" at pp. 4-6. No motion was filed, however, until the very last day. Tellingly, the Motion is completely devoid of any facts justifying this blatantly unreasonable behavior. The Court in Chiulli v. Internal Revenue Service, id., at *3, observed that the Rule 60(b) motion was filed "merely one day before the expiration of the one year deadline. . . ". Given that the motion was filed at the very end of the one-year deadline and raised

arguments in support of the motion that clearly could have been made earlier, the motion was found to be untimely. See Cavalier Label Co. Inc. V. S.S. Lilika, 71 F.R.D. 395, 396 (S.D.N.Y. May 25, 2976) (Denying motion made 356 days after judgment; "while the motion was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit"). Flintlock cannot be found to have acted "diligently" or "within a reasonable time". Its Motion to reopen this adversary proceeding should be denied.

C. **Vacating a Default Judgment**

12. Assuming *arguendo*, the Court finds that the Motion was brought within a "reasonable time", Flintlock next bears the burden of demonstrating an entitlement to the vacature of the default in accordance with the applicable factors. A motion for relief from judgment seeks "extraordinary judicial relief". It will, therefore, be granted only where the movant "meets its burden of demonstrating 'exceptional circumstances' ". In the context of a default judgment, a court's decision whether to permit relief from judgment should be based on three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Bogaerts v. PNL Asset Management, L.P. (In re Litas International, Inc.) 2004 WL 1488114 *3 (S.D.N.Y.) ("Bogaerts") quoting Enron Oil Corp. V. Diakuhara, 10 F. 3d 90, 96 (2d Cir. 1993). In Bogaerts as here, the party requesting relief under Rule 9024 showed a willful disregard of the procedures of the Court in this adversary proceeding. At the January 25, 2006 hearing, counsel represented to this Court that "the client intended to defend this matter, and that it is clear on the merits of the case that there is no cause of action by S&S against my client." If such were the case, why did "the client" (Flintlock) not literally panic when it received the motion for the entry of the default evidencing that no defense had been raised in this matter? Why would it not have thereafter diligently followed the actions of its counsel rather than wait until the day before the hearing on the default to merely seek an adjournment? Why did it not question what happened at the pre-trial conference? Why did it not question whether an

answer was interposed to the TAP crossclaim? Why wait 520 days after the Complaint was filed to file a single piece of paper with this Court?

13. In In re Globe Metallurgical, Inc., 327 B.R. 182, 185 (Bankr. S.D.N.Y. 2005), the Court found that conduct was not "willful" or "deliberate" as it is defined, where the next day after learning of the Entry of Default, new counsel was retained and less than two weeks later, the motion pursuant to FRCP 60(b), followed. To the contrary, Flintlock knew of the default, did not respond to the default motion and waited a year to bring this Motion. "[W]here a party deliberately defaults and intentionally fails to respond to a pleading or motion the party knew was pending, the willful factor is satisfied, regardless of whether the parties acted in good or bad faith." In re Enron, Inc., 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005). Flintlock's conduct was willful.

14. The second factor, prejudice to the non-defaulting party, is also present. S&S has retained counsel to pursue its rights under the default judgment. At this juncture, to have to begin again this process in its entirety would be extremely costly and present even greater delay.

15. For the third factor, a meritorious defense, Flintlock relies on the service of the Complaint, the particularity of the pleading and the language of the letter this Court has already considered. The Complaint was actually received by Flintlock. It forwarded the Complaint to counsel and at the January 25, 2006 hearing voiced its intent to "defend this matter" and address the "merits of the case". With the appearance at the January 25, 2006 hearing, this Court obtained personal jurisdiction over Flintlock. See Teitelbaum v. Equitable Handbag Co. (In re Outlet Department Stores, Inc.), 49 B.R. 536. 540 (Bankr. S.D.N.Y. 1985) (Where the summons and complaint were actually received by the defendant, surely there was "notice reasonably calculated" to give actual notice of the proceedings). Finally, coming full circle, to wait 520 days after the Complaint was filed to raise defective service in the face of admitted receipt, an admitted intent to defend and a Court appearance thereon, clearly does not warrant an exercise of discretion by this Court granting Flintlock relief from its own choices.

## CONCLUSION

15. The Motion to reopen this adversary proceeding should be denied.

16. In light of the case law cited herein, it is respectfully requested that the filing of a separate Memorandum of Law be waived.

WHEREFORE, it is respectfully requested that this Court deny the relief requested by Flintlock in its entirety.

Dated: Spring Valley, New York
February 9, 2007

Kurtzman Matera Gurock & Scuderi, LLP
Attorneys for Plaintiff
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

By **/s/ Rosemarie E. Matera**
Rosemarie E. Matera (REM-0999)

S:\WPFORMS\110043\TAP Adv Pro\Opposition to Motion of Flintlock.wpd

Michael R. Strauss (MS7780)
Hollander & Strauss, LLP
40 Cutter Mill Road Suite 203
Great Neck, New York 11021
Flintlock Construction Services, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Debtor.

Chapter 11
Case No.: 04-22183 (ASH)
------------------------------------------------------X
S&S FIRE SUPPRESSION SYSTEMS, INC.,

Plaintiff,

-against-

TAP PLUMBING & HEATING, INC., and
FLINTLOCK CONSTRUCTION SERVICES, LLC.,

Defendants.
------------------------------------------------------X

Adv. Pro. No. 05-08645 (ASH)

**REPLY AFFIRMATION IN SUPPORT OF MOTION TO: (A) REOPEN CASE; and (B) SET ASIDE DEFAULT JUDGMENT**

MICHAEL R. STRAUSS, an attorney duly admitted to practice law before the courts of the State of New York and the Federal Courts for the Southern District of New York, hereby affirms the following under the penalties of perjury:

## INTRODUCTION

1. I am a member of the firm of Hollander & Strauss, LLP, attorneys for defendant Flintlock Construction Services, LLC ("Flintlock") and, as such, I am familiar with the facts and circumstances set forth herein. I submit this Reply Affirmation in further support of Flintlock's Motion for an Order to reopen the case and setting aside the default judgment entered against

Flintlock on January 27, 2006.

2. At the outset, it is worth noting that the opposition of plaintiff S&S Fire Suppression Systems, Inc. ("S&S") utterly ignores the meritorious defense proffered by Flintlock's moving papers. The Court of Appeals for the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." Orix Financial Services, Inc. v. 1st Choice Freight Systems, Inc., 2000 U.S. Dist. LEXIS 53394 (S.D.N.Y. 2006) [quoting Cody v. Mellow, 59 F.3d 13, 15 (2nd Cir. 1995)].

3. The bulk of S&S's opposition is devoted to hyper-technical defenses[1] and decisional law which, as explained below, is legally and/or factually inapposite to the case at bar. Stated otherwise, S&S simply ignores the distinct and separate treatment to be afforded a motion under Rule 60(b)(4), such as lack of personal jurisdiction.[2]

**RULE 60(b)(4) IS DISTINCT**

4. In American Institute of Certified Public Accountants v. Affinity Card, Inc., 8 F. Supp.2d 372 (S.D.N.Y. 1998), the court granted a motion to vacate a default judgment pursuant to Rule 60(b)(4) for lack of personal jurisdiction due to ineffective service of process. In reaching its determination, the court stated as follows:

> "A motion predicated on [Rule 60(b)(4)] is unique, however, in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections. See Covington Industries, Inc. v. Resintex, A.G., 629 F.2d 730,

[1] Even if "Section 350 applies only to reopening bankruptcy cases and not to reopening adversary proceedings," In re Sun Healthcare Group, Inc., 2004 Bankr. LEXIS 572, 42 Bankr. Ct. Dec. 279 (Bankr. D. Del. 2004), "[a]dversary proceedings in bankruptcy cases are procedurally analogous to civil actions filed in district courts. [Footnote omitted] A district court does not need an independent basis to reopen a civil proceeding before considering a motion for relief from a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Footnote omitted] Rather, such a motion is deemed a continuation of the original proceeding." Id. at 16-17.

[2] Indeed, S&S does not even argue that its service upon Flintlock comported with Bankruptcy Rule 7004(b)(3).

> 732 N.3 (2nd Cir. 1980).
>
> Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant. See Omni Capital Intl. v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 103, 98 L. Ed.2d 415, 108 S. Ct. 404 (1987). A judgment entered against a party not subject to the personal jurisdiction of the court is a nullity [citing Covington]. Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law. [citations omitted]"
>
> Id. at 375.

See also, China Mariners' Assurance Corporation v. M.T.W.M. Vacy Ash et al, 199 U.S. Dist. LEXIS 2674 (S.D.N.Y. 1999)["unlike motions pursuant to other subsections of 60(b) the Court has no discretion regarding motions to vacate void judgments under Rule 60(b)(4)"]; Velez V. Vasallo, 203 F. Supp.2d 312, 318 S.D.N.Y. 2002 ["although a Rule 60(b)(4) motion must be made 'within a reasonable time' courts have been exceedingly lenient in defining the term 'reasonable time,' and have refused to apply the doctrine of latches as a bar to relief under the rule."]; Tuff-n-Rumble Mgt., Inc. v. Sugarhill Music Pub. Inc., 99 F. Supp.2d 450, 455 S.D.N.Y. 2000 ["unlike motions made pursuant to other subsections of Rule 60(b), the court lacks discretion with respect to a motion made under Rule 60(b)(4); if void, the court must vacate the judgment"]; Coss v. Oneida County Supreme and Family Court, 2006 U.S. Dist. LEXIS 95068.

5. As explained in detail in Flintlock's moving papers, S&S failed to serve the Summons and Complaint in accordance with B.R. 7004(b)(3) or any other rule. In opposition, S&S apparently relies on Teitelbaum v. Equitable Handbag Co., (In re Outlet Department Stores, Inc.), 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985) for the proposition that Mr. Hollander's January 25, 2006 appearance as a replacement for Flintlock's sickly prior counsel in opposition to the

motion for an entry of default judgment before Judge Hardin cured the deficiency in S&S's service of process or provided the Court with personal jurisdiction over Flintlock. A review of that decision, however, lends no support to S&S's position. Specifically, in Teitelbaum, the Summons and Complaint in the adversary proceeding were mailed in accordance with the requirements of F.R.B.P. 7004(b)(3) and was specifically addressed to the "President or Other Officers" of the defendant Equitable. In addition, the defendant corporation filed a Proof of Claim with the Bankruptcy Court, thereby subjecting itself to jurisdiction. Thus, it is hardly surprising that the court ultimately determined that "[g]iven that Equitable in its proof of claim provided this address to the trustee, it cannot now claim that service of process at that address was either defective or violative of Equitable's rights." Id. at 540. In any event, it has been held that "actual notice does not cure defective or unproven service," such that even where a party had actual notice of the pending action, the default judgment must be set aside as void due to the lack of personal jurisdiction. China Mariners' Assurance Corp. at 25.

6. It is simply ironic that S&S, on the one hand, offers no quarter to Flintlock for failing to timely serve an answer within the time required by the rules while, on the other hand, effectively asserts that S&S's failure to comply with Rule 7004(b)(3) should be overlooked.

**S&S's 60(b) CASES ARE INAPPOSITE**

7. S&S cites a litany of cases that are inapplicable to motions to vacate a default for lack of personal jurisdiction under Rule 60(b)(4), such as the one before the Court. Specifically, although Nemaizer v. Baker, 793 F.2d 58 (2nd Cir. 1986) articulates the general standard for a Rule 60(b) motion, that case involved an application to avoid the effect of a Stipulation of Discontinuance with Prejudice. Similarly, Chiulli v. Internal Revenue Service, 2006 U.S. Dist.

LEXIS 76778, 98 A.F.T.R.2d (RIA)(7450)(S.D.N.Y. 2006) involved a motion pursuant to Rule 60(b)(1) and/or 60(b)(6) in which plaintiff sought relief from a judgment dismissing its claims for failure to commence a tax refund action within the statute of limitations. Unlike the case at bar, the plaintiffs in Chiulli "were given a full and fair opportunity to oppose defendant's motion to dismiss, ..." Id. at 9. Thus, it is hardly surprising that the court in Chiulli ultimately determined that there was "nothing extraordinary about the fact that [plaintiffs'] failure to comply with certain procedural requirements in a timely manner required dismissal of their claims. Id.

8. Greenberg v. Chrust, 2004 U.S. Dist. LEXIS 4745 (S.D.N.Y. 2004) involved an application under Rule 60(b)(1) for amendment of a judgment on the ground that it was filed without notice to the moving party. Since the docket reflected the entry of the judgment, the court determined that the movant's "conduct provides no basis for granting the relief sought under 60(b), as he has failed to show good cause for not acting sooner to amend the October Judgment." Id. at 15.

9. The other cases cited by plaintiff are equally unavailing. For example, in Laurence v. Trans World Airlines, Inc., 1993 U.S. Dist. LEXIS 11563 (S.D.N.Y. 1993), plaintiff's Rule 60(b)(1) motion was filed thirteen months after the order was entered by the Court. Dickerson v. Baker, 133 F.R.D. 105 (S.D.N.Y. 1990) concerned "the failure of the clerk of the court to make available for public inspection the complete docket for th[e] case." Id. Plaintiff's subsequent motion pursuant to Rule 60(b)(1) and/or Rule 60(b)(6) some three months later was deemed not made within the "reasonable time" required by such a motion.

10. In re Meadowcroft, 2005 Bankr. LEXIS 1062 (D. Vt. 2005) addressed a motion

made under Rule 60(b) for relief from a Stipulated Order, pursuant to which the debtor, in reliance upon the Stipulation made payments to the creditor ["Under the circumstances of this case, the Court finds that Chase has failed to offer any compelling explanation for their five month delay in discovering the mathematical error and seeking relief from the Stipulation Order on that basis"]. See also, Truskoski v. ESPN, Inc., 60 F.3d 74 (2nd Cir. 1995) [motion to amend judgment pursuant to F.R.Civ.P. 59(e) or 60(b) made some eighteen months after judgment was entered was denied as untimely]; Cavalier Label Co., Inc. v. S.S. Lilika, 71 F.R.D. 395, 396, S.D.N.Y. 2976 [motion under 60(b)(1) and/or 60(b)(6)].

## THE ABSENCE OF PREJUDICE

11. S&S's asserts that it has retained counsel to pursue its rights under the default judgment and that S&S would incur costs in the event of the grant of the motion. In essence, S&S's position is that if it is forced to litigate on the merits, it will incur additional legal fees. That, however, does not constitute cognizable prejudice. S&S, offers nothing to indicate that it has changed its position or for that matter done anything since the closure of this bankruptcy proceeding on May 31, 2006.

## CONCLUSION

12. Flintlock's default was clearly not willful. It promptly turned all pleadings and the default motion over to its former counsel. Flintock had demonstrated a meritorious defense to S&S's claim, which defense is unrefuted, and Flintlock has clearly shown that the Court lack personal jurisdiction of Flintlock such that the judgment is void. Finally, the grant of the motion will cause no legally cognizable prejudice to S&S. Having chosen to play "hardball" at every turn, S&S is in no position to complain about the consequences of its own tactics.