**WHEREFORE,** it is respectfully requested that this Court grant Flintlock's motion to vacate the default judgment and allow Flintlock to interpose an answer in this proceeding, and for such other and further relief as this Court may seem just and proper.

Dated: Great Neck, New York
February 20, 2007

**HOLLANDER & STRAUSS, LLP**
Attorneys for Defendant Flintlock

By:________________________
Michael R. Strauss (MS7780)
40 Cutter Mill Road, Suite 203
Great Neck, New York 11021
(516) 498-1000

G:\1324-104\Motions Pleadings Stips\Reply Aff - MRS.doc

**AFFIDAVIT OF SERVICE**

**STATE OF NEW YORK** )
) ss.:
**COUNTY OF NASSAU** )

**IRA EVERETT,** being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in Queens County, New York. On the 20th day of February, 2007, I served the within **REPLY AFFIRMATION TO: (A) REOPEN BANKRUPTCY CASE; and (B) SET ASIDE DEFAULT JUDGMENT** upon:

**KURTZMAN, MATERA, GUROCK, SCUDERI & KARBEN, LLP**
Attorney for Debtor-Plaintiff
S&S Fire Supression Systems, Inc.
2 Perlman Drive
Spring Valley, New York 10977

by transmitting the papers (i) by electronic means to the telephone number (845) 352-8865, which number was designated by the attorney for such purpose and I received a signal from the equipment of the attorney served indicating that the transmission was received, and upon:

**ROBERT J. MCGOEY, ESQ.**
Attorney for Defendant
Tap Plumbing & Heating, Inc.
271 North Avenue, Suite 1012
New Rochelle, New York 10801

by transmitting the papers (i) by electronic means to the telephone number (914) 636-7269, which number was designated by the attorney for such purpose and I received a signal from the equipment of the attorney served indicating that the transmission was received, and (ii) by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to the persons set forth above.

**IRA EVERETT**

Sworn to before me this
20th day of February, 2007

JILL L. PESCE
Notary Public, State of New York
01PE5075448
Qualified in Nassau County
Commission Expires March 31, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

In Re: : 04-22183

S&S FIRE SUPPRESSION SYSTEMS, INC., : 300 Quarropas Street
: White Plains, NY
Debtors. : February 22, 2007

---------------------------------------X

S&S FIRE SUPPRESSION SYSTEMS, INC., : 05-08645

Plaintiffs,

v.

TAP PLUMBING & HEATING, INC. and FLINTLOCK CONSTRUCTION SERVICES, LLC,

Defendants.

---------------------------------------X

TRANSCRIPT OF MOTION
BEFORE THE HONORABLE ADLAI S. HARDIN, JR.
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plaintiff: ROSEMARIE E. MATERA, ESQ.
Kurtzman, Matera, Gurock, Scuderi & Karben
2 Perlman Drive
Spring Valley, New York 10977

For Flintlock: MICHAEL STRAUSS, ESQ.
Hollander & Strauss, LLP
40 Cutter Mill Road
Great Neck, New York 11021

Court Transcriber: SHARI RIEMER
TypeWrite Word Processing Service
356 Eltingville Boulevard
Staten Island, New York 10312

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE CLERK: S&S Fire Suppression.

THE COURT: Hello.

ALL ATTORNEYS: Good morning, Judge.

THE COURT: Okay.

I know Ms. Matera. Whom do I have --

MR. STRAUSS: Michael Strauss of Hollander & Strauss for defendant Flintlock Construction Services.

THE COURT: Okay.

Ms. Matera for S&S?

MS. MATERA: Good morning, Judge.

Rosemarie Matera for S&S. Yes.

THE COURT: All right.

Well, Mr. Strauss, I've read these papers and I guess I have a problem with your client's position here.

Look, they were served, although you say defectively, but they actually received the process.

MR. STRAUSS: That is correct, Your Honor.

THE COURT: They did nothing to make a motion to quash the purportedly inaccurate process. Your client did nothing to appear at the initial pre-trial conference. Your client received the motion for a default judgment. Your client filed no paper in response to the motion for a default judgment. Somebody from your office -- I don't know whether it was it was you or Mr. Hollander or who -- appeared -- well, first of all, by telephone requested an adjournment of the

motion to dismiss. I denied that. No papers were filed prior to the motion for a default judgment. The transcript speaks for itself.

I pointed out to Mr. Hollander, was it, Ms. Matera?

MS. MATERA: Yes, Judge, it was Mr. Hollander.

THE COURT: On the record -- there's a transcript of that, I didn't remember it -- but I pointed out to Mr. Hollander that in all that time despite acknowledgment that the complaint was received nothing was done. Your client simply ignored it and I said, well, the plaintiff here is entitled to a default judgment. If you want to make a motion to vacate the default, you can make a motion to vacate the default. I don't even have any papers on the basis of which I would deny the motion for a default judgment and your partner said that he understood that in words or substance.

Nothing was done for a year. In the meanwhile, the lawsuit went on against TAP Plumbing & Heating. In your reply submission, that is to say your client's -- I don't know whether you signed it or Mr. Hollander -- you state that there was no prejudice. Of course, there was prejudice. Putting aside the delay -- and that is prejudice -- it's now more than a year and a half since this adversary proceeding was commenced to recover an account receivable that's based upon a letter or two that was annexed to the complaint. Was there prejudice? Of course, there was prejudice. The adversary proceeding went

forward against TAP. While your client was doing nothing the adversary proceeding went forward. I don't remember what happened.

You mentioned that there was a summary judgment?

MS. MATERA: Summary judgment. Your Honor granted the summary judgment motion.

THE COURT: To whom?

MS. MATERA: In favor of S&S.

THE COURT: S&S.

So, of course, there is prejudice. Apparently, there was a cross-claim by TAP against your client. That was ignored. I don't know what the status of that is. I don't know whether they ever made a motion or not.

MS. MATERA: Your Honor, TAP had a state court action going against Flintlock which actually the state court judge --

THE COURT: Oh.

MS. MATERA: -- I just got the decision yesterday -- decided in favor of TAP so I imagine that's why they didn't proceed with the cross-claim.

THE COURT: I see. I see.

So, yes, absolutely there was prejudice especially given the proffer, although it's not much of a proffer of a defense, it inextricably involves TAP. So, yes, there absolutely was prejudice. The lawsuit was litigated.

As far as the wilfulness of the delay is concerned,

there can be no question of the wilfulness of the default. Your client, whether defectively or not, was served. Your client acknowledges that. Your client turned it over to an attorney.

Now, maybe Mr. Mahoney or Maloney, whatever his name was, was sickly as you referred to him but that's your client's problem. That shouldn't be S&S' problem. In any event, it was eventually turned over to lawyers that were not sickly, namely your firm, and your firm didn't do anything about it other than to make a phone call asking for an adjournment which I declined and even then failing to put in any papers and then failing for a whole year to do anything at all and in the meanwhile the litigation went forward against the co-defendant in a circumstance where the claims of the plaintiff, S&S, against both TAP and your client were inextricably involved with each other, the lawsuit went forward and went to a conclusion.

So is there prejudice? Absolutely, there's prejudice. Is there wilfulness? Absolutely. Your firm knew that the suit was going forward and just didn't do anything about it. I don't know whether it was your choice or your client's choice but, you know, you've got to help me to overcome what I've said because I don't know how I could possibly grant your motion on the facts that are presented before me. It's not a question of my doing equity and well, the courts of New York like to have matters resolved on the

merits. Yes, everybody likes to have matters resolved on the merits. I do, too, but you had your chance and nobody did anything despite the fact that at all times your client knew that it was being sued. So you have to help me to --

MR. STRAUSS: I'm happy to do so.

THE COURT: -- if there's any possible way I could reopen this case. I don't see it.

MR. STRAUSS: Okay.

First of all, with respect to the Court's perception that my client did nothing, my client promptly turned over the summons and complaint and the motion for default to its longstanding counsel, John Mahoney. This is not someone they found on a street corner, this is someone -- an attorney with whom they had a longstanding relationship and they had every reason to believe that Mr. Mahoney would protect their interests as he had done in the past. As it turns out he did not.

Now, our motion is not grounded upon excusable neglect but with respect to the consequences of Mr. Mahoney's failure to timely act to say that my client did nothing with all due respect, I believe, is incorrect. They did what --

THE COURT: But let me ask you this.

On whose back should the adverse consequences of Mr. Mahoney's sickliness or whatever his default was fall? There's got to be a consequence and is that consequence to be laid on

the shoulders of the plaintiff or on the shoulders of your client?

MR. STRAUSS: Well, I think the Court has to look at the totality of the circumstances. I understand and generally agree with the Court's perception that delay is prejudice but in the context of this case, the case was closed at the end of May 2006 and effectively at least in my view there was no -- other than the time issue there is no cognizable prejudice to the plaintiff. There's no increased difficulty of discovery, there's no loss of evidence --

THE COURT: Let's go back for a moment. We'll get to prejudice.

MR. STRAUSS: Okay.

THE COURT: But let's go back to Mr. Mahoney.

Assuming that your client for some reason should not be the party as between the plaintiff and your client to suffer the consequences of Mr. Mahoney's default if it really can be laid at Mr. Mahoney's -- what about your firm?

MR. STRAUSS: Well, my understanding is that my partner was contacted --

THE COURT: Because your firm was not sickly, neither you nor Mr. Hollander were or are sickly so far as has been suggested. You knew that your client was in default -- your firm -- your client sure knew it by that time but still nobody put any papers in. Nobody did anything. Nobody put an answer

in. That's very simple to put an answer in before -- it could do that in half a day. It's very simple to put an answer in before the return date of the motion for a default judgment. Even between the time that your Mr. Hollander called my chambers for an adjournment and the return date of the motion there was time to put an answer in and some kind of a piece of paper saying, please, give us a chance to litigate this on the merits, we want to be a part of this lawsuit, which wasn't done and then your firm waited a year to do what was spoken of right at the hearing. It's in the transcript.

Why don't you address that --

MR. STRAUSS: Okay.

THE COURT: -- before we get to prejudice and we will get back to prejudice.

MR. STRAUSS: Okay.

My recollection or my understanding is that there was no opportunity for Mr. Hollander to prepare opposition to the motion and I believe a default had already been entered before we were ever contacted by the client.

THE COURT: No, no, that's false.

The procedure is that -- I'm sure that you know this and are competent in your job -- the clerk's office enters a piece of paper noting the default. That had been entered.

MR. STRAUSS: Yes.

THE COURT: On the basis of that then the plaintiff

makes a motion for a default judgment and you were retained before the return date of the motion by your own affidavits.

MR. STRAUSS: That's correct.

THE COURT: Okay.

MR. STRAUSS: So there was ample time before the return date and before any judgment was entered to have filed an answer and a document. You might have had to stay up all night to do it but it could have been done. That's what lawyers do. But your client didn't do it and you didn't do it and then despite a conversation on the record on whatever the date was -- the 25th of January --

MS. MATERA: The 25th of January. Yes, Judge.

THE COURT: -- in which I said to Mr. Hollander, "Look, they're entitled to a judgment of default. This motion has not been opposed. You don't have anything to oppose it with here. You come in empty-handed. You can make a motion to vacate the default" and I don't remember his exact words but it's in the transcript and he manifested an understanding of what I was saying and then you waited a year to make the motion, a complete, full 365 day year to make the motion during which time the litigation ran its course. It was probably done in a matter of months.

MS. MATERA: We did depositions of TAP. We did document production and then my recollection is in April we made, along with the final pre-trial order -- we did all the

work -- we made the motion for summary judgment and Your Honor granted it and then the case was closed in May.

THE COURT: Okay.

So there was clearly here wilful and inexcusable delay.

Now, you know, there's nothing you can tell me that's going to change that and it was delayed by your client and by your firm.

Now, as far as prejudice is concerned you just heard it. The whole litigation was conducted; documents were exchanged, depositions were taken, a dispositive motion was made all while your client was sitting out there and your firm letting it all happen and then you waited until a full year, long after the case had been closed -- the adversary proceeding was closed -- and now you make a motion and you want to start the litigation again. That's prejudice.

MR. STRAUSS: Well, the case was closed roughly four months after the return date of the motion for a default judgment.

THE COURT: Is that when it was closed?

MS. MATERA: Yes, Judge, but we proceeded with TAP.

THE COURT: Fine. The whole litigation went forward and was completed.

MR. STRAUSS: But one of the points I think the Court needs to understand is that the basis for liability for TAP is

distinct and different than the basis for liability against Flintlock. I believe that our papers clearly show a meritorious defense. It's based on a written guaranty that effectively says if and when we pay TAP, we will pay you up to a certain dollar amount, and that never occurred. In other words, the liability under the letter guaranty never triggered.

THE COURT: Okay. Fine.

I don't know whether you had a meritorious defense or not. I haven't the slightest idea but your client and your firm had ample opportunity to have your day in court. You waived it.

The motion is denied.

Would you please submit an order?

MS. MATERA: Yes, Judge.

THE COURT: Thank you.

* * * * *

* * * * *

I certify that the foregoing is a transcript from an electronic sound recording of the proceedings in the above-entitled matter.

____________________________________

SHARI RIEMER

Dated: March 10, 2007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------x

In re:

S&S Fire Suppression Systems, Inc.

Debtor.

Chapter 11
Case No. 04-22183(ASH)

--------------------------------x

S&S Fire Suppression Systems, Inc.

Plaintiff,

v.

TAP Plumbing & Heating Inc., and
Flintlock Construction Services, L.L.C.,

Defendants.

Adv. Pro. No. 05-08645-ASH

--------------------------------x

**ORDER DENYING MOTION OF FLINTLOCK CONSTRUCTION SERVICES, LLC TO REOPEN ADVERSARY PROCEEDING AND SET ASIDE DEFAULT JUDGMENT**

Upon the motion ("Motion") of Flintlock Construction Services, LLC ("Flintlock") To Reopen Adversary Proceeding and Set Aside Default Judgment, by and through its attorneys, Hollander & Strauss, LLP, filed with the Clerk of the Court on January 26, 2007, and the Opposition of S&S Fire Suppression Systems, Inc. ("S&S") by and through its attorneys Kurtzman Matera Gurock & Scuderi, LLP; and the Reply of Flintlock ; and a hearing having been held on February 22, 2007, and counsel for Flintlock and S&S having appeared; after due deliberation and the Court having orally ruled from the bench, it is

ORDERED, that the Motion be and the same hereby is denied.

Dated: White Plains, New York
February 28, 2007

/s/ Adlai S. Hardin, Jr.
Adlai S. Hardin Jr.
United States Bankruptcy Judge

Michael R. Strauss (MS7780)
Hollander & Strauss, LLP
40 Cutter Mill Road Suite 203
Great Neck, New York 11021
Flintlock Construction Services, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re:

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Debtor.

Chapter 11
Case No.: 04-22183 (ASH)

---------------------------------------------------------------X

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Plaintiff,

-against-

TAP PLUMBING & HEATING, INC., AND FLINTLOCK CONSTRUCTION SERVICES, LLC.,

Defendants.

Adv. Pro. No. 05-08645 (ASH)

---------------------------------------------------------------X

# NOTICE OF APPEAL

**PLEASE TAKE NOTICE,** that defendant Flintlock Construction Services, LLC ("Flintlock"), appeals pursuant to 28 U.S.C. 158 (a) or (b) from the Order of the Honorable Adlai S. Hardin, Jr., United States Bankruptcy Judge, entered in this adversary proceeding on February 28, 2007 which denied Flintlock's motion to vacate the default judgment entered against Flintlock herein on January 27, 2006.

The names of the parties to the judgment, order or decree appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

**KURTZMAN, MATERA, GUROCK, SCUDERI & KARBEN, LLP**
Attorney for Debtor-Plaintiff
S&S Fire Suppression Systems, Inc.
2 Perlman Drive
Spring Valley, New York 10977

**ROBERT J. MCGOEY, ESQ.**
Attorney for Defendant
Tap Plumbing & Heating, Inc.
271 North Avenue, Suite 1012
New Rochelle, New York 10801

Dated: March 9, 2007

**HOLLANDER & STRAUSS, LLP**
Attorneys for Defendant
Flintlock Construction Services, LLC

By:______________________
Michael R. Strauss (MS7780)
40 Cutter Mill Road, Suite 203
Great Neck, New York 11021
(516) 498-1000

G:\1324-104\S&S Appeal\Not. of Appeal.doc