UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              Chapter 11
                                                    Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Flintlock Construction Services, LLC                07 Civ. 2907 (CLB)

                    Appellant

        - against -

S&S Fire Suppression Systems, Inc.,

                    Appellee

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BRIEF FOR APPELLEE,
S & S FIRE SUPPRESSION SYSTEMS, INC.**

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock & Scuderi, LLP
Attorneys for Appellee
S&S Fire Suppression Systems, Inc.
2 Perlman Drive
Spring Valley, New York 10977
(845) 352-8800

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Pages**

Amoco Overseas Oil Co. V. Compagnie Nationale
    Algerienne de Navigation, 605 F. 2d 648 (2d Cir. 1979). . . . . .    10

Bogaerts v. PNL Asset Management, L.P.
    (In re Litas International, Inc.) 2004 WL 1488114
    (S.D.N.Y.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Bousa Inc. v. United States of America (In re Bulk Oil (USA) Inc.)
    2007 WL 1121739 (S.D.N.Y. April 11, 2007). . . . . . . . . . . . . .    9

Cavalier Label Co. Inc. V. S.S. Lilika, 71 F.R.D. 395
    (S.D.N.Y. May 25, 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

Central Vermont Public Service Corp. vs. Herbert,
    341 F. 3d 186 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . .    3, 6, 9

Chiulli v. Internal Revenue Service,
    2006 WL 3008084 (S.D.N.Y). . . . . . . . . . . . . . . . . . . . . . . . . .    9, 10

Cline v. Kaplan, 323 U.S. 97, 65 S. Ct. 155 L.Ed. 97 (1944). . . . . . . .    8

Dickerson v. Baker, 133 F.R.D. 105 (S.D.N.Y. 1990). . . . . . . . . . . . .    9

Enron Oil Corp. V. Diakuhara, 10 F. 3d 90 (2d Cir. 1993). . . . . . . . . .    11

Grace v. Bank Leumi Trust Company of NY., 443 F. 3d 180
    (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 3

Greenberg v. Chrust, 01 Civ. 10090 (RWS), 2004 WL 585823
    (S.D.N.Y. March 25, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . .    9

In re Worldwide Web Systems, Inc., 328 F. 3d 1291 (11th Cir. 2003). .    7, 8

In re Meadowcroft, 2005 WL 1286006 (Bankr. D. Vt.). . . . . . . . . . . . .    9

In re Worldcom, Inc. Securities Litigation, 2006 WL 2709855
    (S.D.N.Y.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

**Cases**                                                                    **Pages**

Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauites
    de Guinee, 456 U.S. 694, 102 S. Ct. 2099,
    72 L.Ed. 2d 492 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Kotlicky v. United States Fidelity & Guarantee Co., 817 F. 2d 6
    (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9, 13

Lawrence v. Wink (In re Lawrence), 293 F. 3d 615 (2d Cir. 2002). . .   2, 3, 9

Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306,
    70 S. Ct. 652, 94 L.Ed. 865 (1950). . . . . . . . . . . . . . . . . . . . .   7

Nemaizer v. Baker, 793 F. 2d 58 (2d Cir. 1986). . . . . . . . . . . . . . .   2, 6

Pecarsky v. Galaxiworld.com Limited, 219 F. 3d 167
    (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

State Street Bank and Trust Company v. Inversiones Errazuriz
    Limitada, 374 F. 3d 158 (2d Cir. 2004). . . . . . . . . . . . . . . . . . .   10

Trehan v. Von Tarkanyi, 63 B.R. 1001 (S.D.N.Y. 1986) . . . . . . . . . . .   8

Truskoski v. ESPN, Inc., 60 F. 3d 74 (2d Cir. 1995). . . . . . . . . . . . .   9

Vaughan v. Petroleum Conversion Corp., 211 F. 2d 499
    (2d Cir. 1954). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8


**Statutes and Regulations**

Federal Rule of Bankruptcy Procedure 7005(b)(2)(B). . . . . . . . . . . .   8, 12

Federal Rule of Bankruptcy Procedure 7055(c). . . . . . . . . . . . . . . .   1, 2

Federal Rule of Bankruptcy Procedure 9024. . . . . . . . . . . . . . . . . .   1, 11

Federal Rule of Civil Practice 60(b). . . . . . . . . . . . . . . . . . . . . . . .   Passim

Federal Rule of Civil Practice 60(b)(1). . . . . . . . . . . . . . . . . . . . . .   Passim

Federal Rule of Civil Practice 60(b)(4). . . . . . . . . . . . . . . . . . . . . .   Passim

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . .    1

II.   STATEMENT OF BASIS OF APPELLATE
      JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

III.  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

IV.  STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . .    3

V.   STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . .    3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

      The Relief Sought by Flintlock Was Properly
      Denied Under FRCP 60(b) . . . . . . . . . . . . . . . . . . . . . .    6

           A.   Bankruptcy Court Jurisdiction and
              FRCP 60(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . .    6

           B.   FRCP 60(b)(1) And The Reasonableness
              Requirement. . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

           C.  Vacating a Default Judgment. . . . . . . . . . . . .    11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

## I. <u>PRELIMINARY STATEMENT</u>

This is an appeal by defendant, Flintlock Construction Services, LLC ("Flintlock") from an Order of the United States Bankruptcy Court for the Southern District of New York (Hardin, J.) denying the Motion to:  (i) reopen the case pursuant to Federal Rule of Bankruptcy Procedure 7055(c) ("FRBP"); (ii) set aside the default judgment entered against Flintlock on January 27, 2006 pursuant to Federal Rule of Civil Practice ("FRCP") 60(b)(4) and FRBP 9024 or alternatively FRCP 60(b)(1); and (iii) stay all proceedings to enforce the default judgment pursuant to FRCP 62(b) and FRBP 7062, while the motion was pending ("Motion").

During the course of the hearing, held on February 22, 2007, the Bankruptcy Court rejected Flintlock's arguments finding first, that service was acknowledged; and second, that counsel appeared, initially by telephone, requesting an adjournment of the application for entry of a default judgment "(Default Application") and then on the return date of the Default Application.  (A-33-34) [1].  In clearly articulated reasoning, the Bankruptcy Court further rejected the relief sought by Flintlock finding that there was a prejudice to S&S Fire Suppression Systems, Inc. ("S&S") by it having proceeded with the litigation as against defendant, TAP Plumbing & Heating, Inc. ("TAP") and willfulness, based on the failure to do anything for an entire year despite a discussion on the record at the January 25, 2006 hearing and, the failure to file an answer or other document prior to the return date of the Default Application.  (A-134-141).   The Bankruptcy Court concluded that Flintlock had

---

[1]   References to ("A -  ") are to Flintlock's Record on Appeal.

waived its defenses, and meritorious or not, had an ample opportunity to be heard.  (A-142).

This brief is respectfully submitted on behalf of Appellee, S&S.

## II.  <u>STATEMENT OF BASIS OF APPELLATE JURISDICTION</u> [2]

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §158(a), which provides that the District Courts of the United States have jurisdiction over appeals from orders of bankruptcy judges.  Flintlock seeks to overturn the February 28, 2007 Order Denying Motion to Reopen Adversary Proceeding and Set Aside Default Judgment ("February 28, 2007 Order").  (A-144).

## III.  <u>STANDARD OF REVIEW</u>

Findings of fact of a bankruptcy court, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses.  FRBP 8013.  A decision of the Bankruptcy Court to grant a default judgment, to deny relief under FRBP 7055(c) or to deny relief under FRCP 60(b) are accorded deference.  Reversal is only appropriate if there has been an abuse of discretion.  <u>Grace v. Bank Leumi Trust Company of New York,</u> 443 F. 3d 180, 187 (2d Cir. 2006), citing <u>Lawrence v. Wink (In re Lawrence),</u> 293 F. 3d 615, 623 (2d Cir. 2002); <u>Nemaizer v. Baker,</u> 793 F. 2d 58, 61-62 (2d

---

[2]    Flintlock neglected to include several of the sections required by FRBP 8010(a)(i) in its Brief.

Cir. 1986).  Although the Second Circuit referred to *de novo* review of FRCP 60(b)(4)

motions in <u>Central Vermont Public Service Corp. Vs. Herbert</u>, 341 F. 3d 186, 189 (2d Cir.

2003), the Court, thereafter, seemingly rejected that holding stating that "[t]he language that

*de novo* review is appropriate for rule 60(b) motions has not been adopted in this Circuit.

As we explained in <u>Lawrence</u>, 'deferential abuse of discretion review of a district court's

Rule 60(b) decisions reflects both the proximity of a district [bankruptcy] court to the facts

of a case and the fact that a district court typically is being asked under Rule 60(b) to revisit

its own final order or decision'."  <u>Grace v. Bank Leumi Trust Company of New York,</u> <u>id.</u> at

n. 7; <u>quoting</u> <u>Laurence v. Wink,</u> <u>id.</u> at 623.  Where, as here, the Bankruptcy Court relied

on the facts to determine waiver, where it declined to reopen a closed proceeding in a

confirmed Chapter 11 case and where the granting of a default motion is itself entitled to

deference, whether "abuse of discretion" or "*de novo* review", the decision of the

Bankruptcy Court should be upheld.


## IV.  STATEMENT OF ISSUES PRESENTED

1.      Whether the Bankruptcy Court erred in declining to vacate its judgment of

default under FRCP 60(b)(4).

2.      Whether the Bankruptcy Court abused its discretion in declining to vacate its

judgment of default under FRCP 60(b)(1).


## V.  STATEMENT OF THE FACTS

S&S filed a Complaint against TAP and Flintlock ("Complaint") on August 17, 2005.

(A-45-53).  The Clerk of the Bankruptcy Court issued the Summons and Notice of Pretrial

-3-

Conference In An Adversary Proceeding on August 23, 2005 ("Summons and Notice"). (A-45). The Summons and Notice and Complaint were served on Flintlock at its last known address (A-43) and TAP on August 25, 2005, without the notation officer, managing or general agent. TAP filed an answer to the Complaint on October 6, 2005 ("TAP Answer") raising a Counterclaim against S&S and a Crossclaim against Flintlock ("TAP Crossclaim"). )Appellee S&S Appendix ("Appellee A") at Exhibit "1"). The TAP Answer stated that "commencing in October, 2002, TAP provided work, labor, services and materials in connection with a contract with. . .Flintlock for the construction of certain dormitories at SUNY Purchase College in Purchase, New York. . . . (Appellee A at Exhibit "1", ¶8). 'That from the very commencement of performance. . . Flintlock improperly and unreasonably refused payment to TAP. . . ". (Appellee A at Exhibit "1", ¶9). Flintlock, which had not responded to a July 20, 2005 demand letter (Appellee A at Exhibit "6", Exhibit "A" [3]) (i) did not answer the Complaint; (ii) did not answer the TAP Crossclaim; and (iii) did not appear at the pre-trial conference. On November 28, 2005, the Clerk of the Court entered a default against Flintlock. The Default Application was mailed to Flintlock at its last known address. (A - 6, 91). No response to the Default Application was filed by Flintlock. On January 24, 2006, counsel for Flintlock requested an adjournment of the hearing on the Default Application. The Bankruptcy Court declined to grant the adjournment. The hearing was held on January 25, 2006 and counsel appeared. (A-8-24). Counsel stated that Flintlock had expressed their "intent to defend this matter" and that "they immediately told Mr.

---

[3]    The Flintlock Appendix did not include the Exhibits to S&S's Opposition (A-117-123).

Mahoney (Flintlock's counsel), who confirmed that to me". (A-9, 11).    This fact is supported by the Summons and Notice itself which bears the notation "mailed to J. Mahoney 8/30/05". (A-45).   The Bankruptcy Court granted the Default Application.  The Order granting the default judgment was signed on January 25, 2006 and entered on January 27, 2006. ("Default Order"). (A-15-16).  No appeal was taken by Flintlock from the Default Order. The adversary proceeding continued as to S&S and TAP, through discovery and final pre-trial order.  It was resolved by an Order granting S&S summary judgment on March 30, 2006.  The adversary proceeding was closed by the Clerk of the Court on May 31, 2006.  On January 27, 2007, 365 days after the entry of the Default Order and 520 days after the issuance of the Summons and Notice, Flintlock filed its Motion.

The Bankruptcy Court denied the relief sought in the Motion finding prejudice to S&S in its continuance, to conclusion, of the lawsuit, unreasonable delay, willfulness given Flintlock's admitted receipt of the Complaint and the Default Application as well as the discussion, on the record on the day of the hearing on the Default Application concerning seeking relief therefrom.  The Bankruptcy Court raised the issue of inaction by counsel for Flintlock and concluded that S&S should not have to bear that burden.  Counsel knew the adversary proceeding was moving forward, but did nothing.  The Bankruptcy Court concluded that there had been a waiver by Flintlock and declined to reopen the adversary proceeding and vacate the default judgment.

As referenced at the February 22, 2007 hearing, a proceeding in the Supreme Court of the State of New York, County of Westchester, was decided by that Court just prior to the hearing before the Bankruptcy Court . The State Court found that TAP had completed fifty-eight (58%) percent of their work before they were terminated by Flintlock.  (Appellee

-5-

A - Exhibit 9 at page 5).  The balance due TAP from Flintlock was $131,019.72 (Appellee A - Exhibit 9 at page 6), significantly in excess of the $70,775.00 sought by S&S in its Complaint.  (A-49).  Flintlock's contrary allegation that nothing was owed to TAP, fails utterly.[4]

## VI.  ARGUMENT

## THE RELIEF SOUGHT BY FLINTLOCK WAS
## PROPERLY DENIED UNDER FRCP 60(b)

## A.  Bankruptcy Court Jurisdiction And FRCP 60(b)(4)

"In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction [over the parties, the subject matter or both] only when the court 'plainly usurped jurisdiction' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction'."  Central Vermont Public Service Corp. v. Herbert, id. at 190; quoting Nemaizer v. Baker, id. at 61-62 (2d Cir. 1986).  "If there is at least an arguable basis for jurisdiction, the judgment of the lower court will not be disturbed".  Central Vermont Public Service Corp. v. Herbert, id. at 190.

"[I]nsufficient service of process implicates personal jurisdiction and due process concerns. Generally, where service of process is insufficient, the court has no power to

---

[4]    The Affidavit of Stephen Weiss, Jr., states that "Flintlock never received any requisitions from TAP nor did it make any payments to TAP."  (A-36 at ¶11). The February 24th letter (A-43) represents an agreement that S&S will be paid "from pending and future requisitions".  The "pending" language was, like the demand letter, Complaint, Summons and Notice, Crossclaim and Default Application, overlooked.

-6-

render judgment and the judgment is void. 'An elementary and fundamental requirement of due process in any proceeding. . . accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the. . . action and [to] afford them an opportunity to present their objections'." In re Worldwide Web Systems, Inc., 328 F. 3d 1291, 1299 (11th Cir. 2003); quoting, Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950). There are, however, limitations on this doctrine. One important limitation, applicable to the conduct of Flintlock herein, is that "objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable". In re Worldwide Web Systems, Inc., id. at 1299; quoting, Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauites de Guinee, 456 U.S. 694, 705, 102 S. Ct. 2099, 2105-06, 72 L.Ed. 2d 492 (1982).

The Supreme Court explained this difference in these terms:

> The concepts of subject-matter jurisdiction and personal jurisdiction. . serve different purposes . . .
>
> Subject-matter jurisdiction. . . is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. . .
>
> None of this is true with respect to personal jurisdiction. . . The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. . . Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. (Emphasis added). Id. at 701-03, 102 S.Ct. at 2103-05 (citations and internal quotation marks omitted).

-7-

A party's "right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first. . . appearance". In re Worldwide Web Systems, Inc. id. at 1299. See also Cline v. Kaplan, 323 U.S. 97, 99-100, 65 S. Ct. 155, 157, 89 L.Ed. 97 (1944). ("[W]hether or not there was the necessary consent upon which its power to proceed may depend is, as is so often true in determining consent, a question depending on the facts of the particular case"); Vaughan v. Petroleum Conversion Corp., 211 F. 2d 499 (2d Cir. 1954) ("[N]o issue of jurisdiction and hence as to the validity of the judgment, survives the careful findings of waiver and consent to the summary jurisdiction of the bankruptcy court. . . " Trehan v. Von Tarkanyi, 63 B.R. 1001, 1006 n. 7 (S.D.N.Y. 1986) ("Where service of process is defective, the judgment is void and subject to collateral attack. However, any jurisdictional defect would have been waived by [an] appearance in the action or the authorized appearance of an attorney on [a party's] behalf.")

The Summons and Notice, the Complaint and the Default Application, appropriately served under FRBP 7005(b)(2)(B), were received by Flintlock. Flintlock forwarded the documents to its counsel, Mr. Mahoney. There was "notice", an "opportunity to be heard" and appearances by counsel, first to request an adjournment and then at the January 25, 2006 hearing to voice his client's intent to "defend this matter" and address the "merits of the case" (A-9). The Bankruptcy Court found, in keeping with applicable and controlling precedent, that Flintlock "waived" its defenses. The Bankruptcy Court did not err. It based its finding on the facts. It appropriately exercised its discretion.

**B. FRCP 60(b)(1) And The Reasonableness Requirement**

"Rule 60(b) provides extraordinary relief. A motion pursuant to that rule should be granted only if the moving party demonstrates 'exceptional circumstances'. It may not be used as a substitute for a timely appeal." Bousa Inc. v. United States of America (In re Bulk Oil (USA) Inc.) 2007 WL 1121739 (S.D.N.Y. April 11, 2007) *9 (citations omitted); see also Central Vermont Public Service Corp. v. Herbert, id. At 190.

"The Second Circuit requires that a Rule 60(b) motion be supported by evidence that is highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship result to the other parties." Chiulli v. Internal Revenue Service, 2006 WL 3008084 *2 (S.D.N.Y), citing Greenberg v. Chrust, 01 Civ. 10090 (RWS), 2004 WL 585823 *3 (S.D.N.Y. March 25, 2004), Kotlicky v. United States Fidelity & Guarantee Co., 817 F. 2d 6, 9 (2d Cir. 1987).

FRCP (60)(b)(1) allows a court to relieve a party from a "final judgment, order or proceeding for. . . excusable neglect."

A motion brought pursuant to FRCP 60(b) must be made within "a reasonable time". In addition, if relief is being sought under subsection (1), (2) or (3) of FRCP 60(b), the motion must be made no later than one year after the challenged order was entered. "This does not mean, however, that every motion filed pursuant to subsection (1), (2) or (3) that is made within the maximum one year period will be considered timely; undue delay may nevertheless preclude a party from relief". Lawrence v. Trans World Airlines, Inc., 1993 WL 322796 *2 (S.D.N.Y.), citing Dickerson v. Baker, 133 F.R.D. 105, 106 n. 2 (S.D.N.Y. 1990). "What constitutes a 'reasonable time' is well within the Court's discretion. In re Meadowcroft, 2005 WL 1286006 *4 (Bankr. D. Vt.). (Finding a five month delay

-9-

unreasonable). See also Truskoski v. ESPN, Inc., 60 F. 3d 74, 77 (2d Cir. 1995) (Motions under all parts of FRCP 60(b) must be made "within a reasonable time"); Dickerson v. Baker, id. "As the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show the delay was reasonable." In re Worldcom, Inc. Securities Litigation, 2006 WL 2709855 *5 (S.D.N.Y.), quoting Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F. 2d 648, 656 (2d Cir. 1979). "[W]hen a party demonstrates a lack of diligence in defending a lawsuit, a court need not set aside a default." State Street Bank and Trust Company v. Inversiones Errazuriz Limitada, 374 F. 3d 158, 177 (2d Cir. 2004).

In the instant case, Flintlock took the one year maximum to the 365th day. Flintlock offers no reason whatsoever for the delay which mirrors its consistently prejudicial behavior in this matter. Indeed, at the January 25, 2006 hearing, counsel for Flintlock recognized and discussed the possibility of moving to vacate the default. (A - 10-11). The Motion was not filed, however, until the very last day. Tellingly, and as the Bankruptcy Court found, the Motion was completely devoid of any facts justifying this blatantly unreasonable behavior. The Court in Chiulli v. Internal Revenue Service, id., at *3, observed that the Rule 60(b) motion was filed "merely one day before the expiration of the one year deadline. . . ". Given that the motion was filed at the very end of the one-year deadline and raised arguments in support of the motion that clearly could have been made earlier, the motion was found to be untimely. See Cavalier Label Co. Inc. v. S.S. Lilika, 71 F.R.D. 395, 396 (S.D.N.Y. May 25, 2976) (Denying motion made 356 days after judgment; "while the motion was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit").

-10-

The Bankruptcy Court, with sound application of the facts, found that Flintlock did not act "diligently" or "within a reasonable time".

## C.  Vacating a Default Judgment

Assuming, *arguendo*, the Court finds that the Motion was brought within a "reasonable time", Flintlock next bears the burden of demonstrating an entitlement to the vacature of the default in accordance with the applicable factors.  A motion for relief from judgment seeks "extraordinary judicial relief".   It will, therefore, be granted only where the movant "meets its burden of demonstrating 'exceptional circumstances' ".   In the context of a default judgment, a court's decision whether to permit relief from judgment should be based on three criteria: "(1) whether the default  was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Bogaerts v. PNL Asset Management, L.P. (In re Litas International, Inc.) 2004 WL 1488114 *3 (S.D.N.Y.) quoting Enron Oil Corp. V. Diakuhara, 10 F. 3d 90, 96 (2d Cir. 1993).   In Bogaerts as here, the party requesting relief under FRBP 9024 showed a willful disregard of the procedures of the Court in this adversary proceeding.

In addition to the threshold requirement of reasonableness, a Court examines, in addressing a motion to vacate a default judgment:  (1) whether the default was willful; (2) the level of prejudice to the non-defaulting party if relief is granted; and (3) whether the defendant has a meritorious defense. Pecarsky v. Galaxiworld.com Limited, 249 F. 3d 167, 171 (2d Cir. 2001).  The Bankruptcy Court found that Flintlock's default was willful, clear prejudice to S&S should there be a vacature of the judgment and noted the inadequacy of the proffer (A - 135-37).

meanwhile the litigation went forward against the co-defendant in a circumstance where the claim of the plaintiff, S&S, against both TAP and your client were inextricably involved with each other, the lawsuit went forward and went to a conclusion.

So is there prejudice? Absolutely, there's prejudice. Is there willfulness? Absolutely. Your firm knew that the suit was going forward and just didn't do anything about it. I don't know whether it was your choice or your client's choice but, you know, you've got to help me to overcome what I've said because I don't know how I could possibly grant your motion on the facts that are presented before me. It's not a question of my doing equity and well, the courts of New York like to have matters resolved on the merits. Yes, everybody likes to have matters resolved on the merits. I do, too, but you had your chance and nobody did anything despite the fact that at all times your client knew that it was being sued.

It is most telling that Flintlock filed its Reply Affirmation In Further Support of The Motion (A-124-130) after a decision on the merits of the claim of TAP against Flintlock was entered by the Supreme Court of the State of New York finding that Flintlock owed TAP $131,019.72 but chose not to bring that decision to the attention of the Bankruptcy Court. The State Court decision, buttressed by the Crossclaim of TAP which Flintlock likewise ignored (Appellee A - Exhibit "4") unequivocally annihilates Flintlock's self-serving allegations of a meritorious defense. (Appellee A - Exhibit "9"). It is also noteworthy that the decision of the Bankruptcy Court, quite correctly, balanced the policy in favor of hearing litigant's claims on the merits against the policy in favor of finality. Kotlicky v. United States fidelity and Guarantee Company, id. at 9. The default judgment was properly upheld.

-13-

## CONCLUSION

The decision of the Bankruptcy Court should be affirmed.

Dated:  Spring Valley, New York
        June 8, 2007

                                    _/s/ Rosemarie E. Matera_
                                    Rosemarie E. Matera (REM-0999)
                                    Kurtzman Matera Gurock & Scuderi, LLP
                                    Attorneys for Appellee
                                    S&S Fire Suppression Systems, Inc.
                                    2 Perlman Drive
                                    Spring Valley, New York 10977
                                    (845) 352-8800

-14-