# EXHIBIT "3"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------x

In re  S+S Fire Suppression
Systems, Inc, Debtor.

Chapter  11

Case No.  04-22183 (ASH)

------------------------------------x

S+S Fire Suppression
Systems, Inc, Plaintiff [proponent],

v.

TAP Plumbing + Heating, Inc. and
Flintlock Construction Services, L.L.C.,
Defendant [respondent].

Adv. Proc. No.  05-08645 (ASH)
____, ____ [Motion for _____]

------------------------------------x

## SCHEDULING ORDER

**WARNING**: This is an Order of the Court. The parties cannot amend this Order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of compelling cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OR OTHER SANCTION.** If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring the matter to the Court for relief.

It is hereby ORDERED as follows:

1. All discovery proceedings shall be completed by January 20, 2006.

2. On or before February 3, 2006 [generally not more than ten days after the deadline to complete discovery] the parties shall file a Joint Pretrial Order in the form prescribed by this Court and shall serve and file trial briefs, if any. [TAKE NOTICE: The burden is on the plaintiff or proponent to file a Pretrial Order, with or without the opponent's cooperation. Failure of either party to include witnesses or documents in the Pretrial Order may preclude that party from offering the omitted evidence at the trial.]

3. A final pretrial conference shall be held at 9:40 A.M. on February 6, 2006 [date to be obtained from chambers, generally not more than one week after date of filing pretrial order], at which time the parties must be prepared to proceed to trial within one week.

4. Plaintiff's [proponent's] attorney shall serve copies of this Scheduling Order on all parties to this adversary proceeding [contested matter] and upon any other parties entitled to notice within five days after the date hereof

Dated: White Plains, NY
       11-10, 2005

/s/ Adlai S. Hardin, Jr.
United States Bankruptcy Judge

WP STANDARD FORM 11/04/2003

# EXHIBIT "4"

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In re:                                                           Chapter 11
                                                                 Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

              Debtor.
------------------------------x
S&S Fire Suppression Systems, Inc.                               Adv. Pro. No. 05-08645(ASH)

              Plaintiff,
     v.

TAP Plumbing & heating, Inc. And
Flintlock Construction Services, L.L.C.,

              Defendants
------------------------------x

## AMENDED SCHEDULING ORDER

    IT IS HEREBY ORDERED

    1.    On or before February 20, 2006 (generally note more than ten days after the deadline to complete discovery) the parties shall file a Joint Pretrial order in the form prescribed by this Court and shall serve and file trial briefs, if any. **(TAKE NOTICE:** The burden is on the plaintiff or proponent to file a Pretrial order, with or without the opponent's cooperation. Failure of either party to include witnesses or documents in the Pretrial Order may preclode that party from offering the omitted evidence at the trial.)

    2.    A final pretrial conference shall be held at 9:40 a.m. on February 23, 2006 (date to be obtained from chambers, generally not more than one week after date of filing pretrial order), <u>at which time the parties must be prepared to proceed to trial within one week.</u>

    3.    Plaintiff's (proponent's) attorney shall serve copies of this Scheduling Order on all parties to this adversary proceeding and upon any other parties entitled to notice within five days after the date hereof.

Dated:  White Plains, New York
         February 8, 2006

                                               /s/ Adlai S. Hardin, Jr.
                                               Honorable Adlai S. Hardin Jr.
                                               United States Bankruptcy Judge

# EXHIBIT "5"

Return Date: March 8, 2006
Return Time: 9:30 a.m.

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:

S&S Fire Suppression Systems, Inc.

              Debtor.
---------------------------------x
S&S Fire Suppression Systems, Inc.

              Plaintiff,
  v.

TAP Plumbing & Heating, Inc. And
Flintlock Construction Services, L.L.C.,

             Defendants
---------------------------------x

Chapter 11
Case No. 04-22183(ASH)

Adv. Pro. No. 05-08645(ASH)

## NOTICE OF MOTION FOR SUMMARY JUDGMENT AND CONTEMPT

**PLEASE TAKE NOTICE** that S & S Fire Suppression System, Inc., the Reorganized Debtor and plaintiff in the above captioned adversary proceeding ("Plaintiff") by and through its attorneys Kurtzman Matera Gurock Scuderi & Karben, LLP and based upon this Motion for Summary Judgment and Contempt, Supporting Memorandum of Law and Statement of Undisputed Facts on file with the Clerk of the United States Bankruptcy Court, will move before the Honorable Adlai S. Hardin, Jr., United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on March 8, 2006 at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order pursuant to Federal Rule of Bankruptcy Procedure 7056 and Local Rule 7056-1 granting summary judgment and contempt as against TAP Plumbing & Heating, Inc.; and such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that a Memorandum of Law and Statement of Undisputed Facts is on file with the Clerk of the Bankruptcy Court on its electronic docket located on the Court's official Internet website, **www.nysb.uscourts.gov.**

PLEASE TAKE FURTHER NOTICE that responsive papers, if any, should be filed with the Court and served upon and received by Kurtzman Matera Gurock Scuderi & karben, LLP, Attn: Rosemarie E. Matera, Esq., 2 Perlman Drive, Spring Valley, New York 10977, no later than three (3) days prior to the return date herein and shall conform with the Federal Rules of Bankruptcy Procedure.

Dated: Spring Valley, New York
       February 21, 2006

          Kurtzman Matera Gurock Scuderi & Karben, LLP
          Attorneys for Plaintiff
          2 Perlman Drive
          Spring Valley, NY   10977
          (845) 352-8800

By   **/s/ Rosemarie E. Matera**
     Rosemarie E. Matera (REM-0999)

TO:   Robert J. McGoey, Esq.
      271 North Avenue, Suite 1012
      New Rochelle, New York 10801

      Domenick Serrano
      S&S Fire Suppression Systems, Inc.
      425 Western Highway
      Tappan, New York 10983

      Chambers of The Honorable Adlai S. Hardin, Jr.
      United States Bankruptcy Court
      300 Quarropas Street
      White Plains, NY 10601

S:\WPFORMS\110043\TAP Adv Pro\Notice of Motion for Summary Judgment - 3-8.wpd

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                                                Chapter 11
                                                                      Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                    Debtor.
---------------------------------x
S&S Fire Suppression Systems, Inc.                                    Adv. Pro. No. 05-08645(ASH)

                    Plaintiff,
    v.

TAP Plumbing & Heating, Inc. And
Flintlock Construction Services, L.L.C.,

                    Defendants
---------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AND CONTEMPT OR, ALTERNATIVELY,
<u>TRIAL MEMORANDUM OF LAW</u>**

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff, S&S Fire Suppression Systems, Inc. ("S&S"), by and through its counsel, Kurtzman Matera Gurock Scuderi & Karben, LLP, respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment and Contempt or, alternatively, in support of its Trial Memorandum of Law of the instant action, commenced for the purpose of recovering $70,775.00 due and owing on a contract ("Contract") entered into between it and TAP Plumbing & Heating, Inc. ("TAP") in October, 2002, pursuant to Section 542(b) of the United States Bankruptcy Code ("Code").

For the reasons set forth below, this Court should enter judgment against TAP in an amount of $70,775.00, dismiss the TAP Counterclaim and award S&S costs and fees thereon due to its

assertion in violation of the discharge injunction of Sections 1141 and 524 of the Code.

## STATEMENT OF FACTS

S&S respectfully refers the Court to the parties' proposed Joint Pre-Trial Order and to its Statement of Undisputed Facts.

## ARGUMENT

## POINT I

## FUNDS ARE DUE AND OWING FROM TAP TO S&S

I.  **The Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states that summary judgment should be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law of the action determines what facts are material. Golden Pacific Bancorp v. Federal Deposit Insurance Corporation, 375 F.3d 196, 200 (2d Cir. 2004). A "genuine issue" exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party". Id. "When the movant demonstrates through competent evidence that no material facts are genuinely in dispute, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Western World Ins. Co. V. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotation omitted). See also Celotex Corp. V. Catrett, 477 U.S. 317, 323-325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The evidence must be "viewed in the light most favorable to the party opposing the motion." Terminate Control Corp. V. Horowitz, 28 F.3d 1335, 1352 (2d Cir. 1994) (citations omitted). Furthermore, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574,

2

587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). See generally In re Worldcom, Inc., 2006 WL 280797, 4 (Bankr. S.D.N.Y.).

II.  **Property of the Estate and Turnover**

The commencement of a case under Section 301, 302 or 303 creates an estate. The property comprising the estate is defined in Section 541(a). "Such estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(i); Collier on Bankruptcy, Fifteenth Edition Revised, Vol. 5, ¶54.04. Under Section 542(b), when property of the estate is a debt "matured, payable on demand, or payable on order", the entity owing such amount "shall pay such debt to . . . the trustee." Id. At ¶542.03; 11 U.S.C. §542(b); See also In re Mid-Island Hospital, 254 B.R. 71, 74 (E.D.N.Y. 2000) ("A turnover proceeding may be brought by the debtor or trustee to recover property of the estate that is being held by another").

III.  **The Undisputed Facts Warrant a Finding In Favor of S&S**

As set forth in the Pre-Trial Order and in the Statement of Undisputed Facts, the following are applicable hereto:

(i)  S&S and TAP entered into a Contract in October, 2002;

(ii)  The Contract was for a project ("Project") at SUNY Purchase College, Purchase, New York, in an amount of $199,900.00.

(iii)  The Contract was between S&S and TAP.

(iv)  TAP paid $12,150.00 to S&S.

(v)  Demand was made of TAP for payment of the $70,775.00 by letters dated March 3, 2004 and July 20, 2005 from Debtor's counsel.

(vi)  No portion of the $70,775.00 was, or has been, paid by TAP.

(vii)  No portion of the $70,775.00 was paid by TAP to the Debtor following the issuance of the March 3, 2004 or July 20, 2005 letters.

3

(viii) TAP has failed and refused to turnover the funds due to the Debtor despite due demand. TAP is pursuing Flintlock, at least in part, because of the work performed and completed by S&S. Unjustly, TAP is seeking an additional $249,000.00 from Flintlock while S&S remains unpaid. TAP, which has already been paid $305,000,00, or fifty-five (55%) percent of its billing, wants to achieve a further benefit from the work performed by S&S. While TAP has received fifty-five (55%) percent, it has paid S&S $12,150.00 which is equal to only twelve (12%) percent of the value of the work completed by S&S. Unjustly, TAP remains unpaid, at least in part because of that work, is seeking a further $249,000.00 from Flintlock. Since TAP is seeking to be paid on the Project, the work of S&S was obviously of value to the Project and compensable. The $70,775.00 is due and owing and S&S is entitled to payment of this amount from TAP.

## POINT II

## THE COUNTERCLAIM VIOLATES THE DISCHARGE INJUNCTION

Section 524 is the Code section that provides the basic protections of the bankruptcy discharge, regardless of the chapter in which the discharge is obtained. Although other sections detail the specific debts that are discharged and set forth additional protections flowing from the discharge, Section 524 spells out, more than any other, what it means for a debt to be discharged. Collier on Bankruptcy, Fifteenth Edition Revised, Vol 4, §524.01.

"[A]n order confirming a reorganization plan operates to discharge all unsecured debts and liabilities. . . " In re U.S.H. Corporation of New York, 223 B.R. 654, 657 (Bankr. S.D.N.Y. 1998). "In order to enforce the discharge injunction, a debtor must show that the debt was discharged under Section 1141 of the Bankruptcy Code. " Once confirmed, the plan binds the debtor and all creditors, whether or not a creditor has accepted the plan." Id. "Discharge under the Bankruptcy Code, however, presumes. . .notice." Id. At 658.

On March 3, 2004, TAP received its first letter ("Letter") demanding turnover on behalf of

4

S&S. The Letter makes clear that S&S was in bankruptcy. TAP was free to file a notice of appearance, a proof of claim or otherwise review the petition, schedules or other items on the docket. S&S had no reason to believe, and still does not believe, that it was indebted to TAP. Accordingly, the notice it received, prior to the bar date and more than a year prior to confirmation, was certainly sufficient. Further, despite the assertion by S&S in its Answer to the Counterclaim, that TAP was violating the discharge injunction, the claim has not been withdrawn and this request for relief was necessitated.

Civil Contempt is the normal sanction for violations of the discharge injunction. Id. at ¶524.02[2][c]. See also In re Texaco Inc., 182 B.R. 937, 945 (Bankr. S.D.N.Y. 1995). ("The cases support, by implication, the proposition that a debtor may enforce a discharge under 11 U.S.C. §524 by means of a contempt motion"). S&S seeks entry of an order finding TAP in contempt and awarding it attorneys' fees and costs for time expended addressing the untimely assertion.

## CONCLUSION

The undisputed facts demonstrate the existence of a pre-petition obligation from TAP to S&S in an amount of $70,775.00. The $70,775.00 represents what S&S earned for its work under the Contract reduced by $12,150.00 which it received from TAP and $15,000.00 which it received from Flintlock. S&S is also entitled to an award of attorneys' fees and costs based on TAP's assertion of the Counterclaim.

Dated: Spring Valley, New York
       February 17, 2006

        Kurtzman Matera Gurock Scuderi & Karben, LLP
        Attorneys for Plaintiff
        2 Perlman Drive
        Spring Valley, NY  10977
        (845) 352-8800

By    **/s/ Rosemarie E. Matera**
      Rosemarie E. Matera (REM-0999)

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                                      Chapter 11
                                                            Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                              Debtor.
---------------------------------x
S&S Fire Suppression Systems, Inc.                          Adv. Pro. No. 05-08645(ASH)

                              Plaintiff,
    v.

TAP Plumbing & Heating, Inc. And
Flintlock Construction Services, L.L.C.,

                              Defendants
---------------------------------x

## STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Bankruptcy Rule 7056-1, S&S Fire Suppression Systems sets forth the following undisputed facts:

(i) S&S and TAP entered into a Contract in October, 2002;

(ii) The Contract was for a project ("Project") at SUNY Purchase College, Purchase, New York, in an amount of $199,900.00.

(iii) The Contract was between S&S and TAP.

(iv) TAP paid $12,150.00 to S&S.

(v) Demand was made of TAP for payment of the $70,775.00 by letters dated March 3, 2004 and July 20, 2005 from Debtor's counsel.

(vi) No portion of the $70,775.00 was, or has been, paid by TAP.

    (vii)    No portion of the $70,775.00 was paid by TAP to the Debtor following the issuance of the March 3, 2004 or July 20, 2005 letters.

    (viii)    TAP has failed and refused to turnover the funds due to the Debtor despite due demand.

Dated: Spring Valley, New York
February 17, 2006

                  Kurtzman Matera Gurock Scuderi & Karben, LLP
                  Attorneys for Plaintiff
                  2 Perlman Drive
                  Spring Valley, NY  10977
                  (845) 352-8800

        By    **/s/ Rosemarie E. Matera**
                  Rosemarie E. Matera (REM-0999)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In re:

S&S Fire Suppression Systems, Inc.

                Debtor.
------------------------------x
S&S Fire Suppression Systems, Inc.

                Plaintiff,
  v.

TAP Plumbing & Heating Inc., and
Flintlock Construction Services, L.L.C.,

                Defendants.
------------------------------x

Chapter 11
Case No. 04-22183(ASH)

Adv. Pro. No. 05-08645-ASH

**Affidavit of Service**

State of New York  )
County of Rockland )ss

    Sherry Kramer, being duly sworn, deposes and says:

    1.    I am over the age of 18, not a party to this action and I reside in Pomona, New York.

    2.    On February 17, 2006 I served the **Memorandum of Law in Support of Motion for Summary Judgment and Contempt or, Alternatively, Trial Memorandum of Law and Pre-Trial Order** by depositing the same via First Class Mail in a sealed envelope with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York upon:

Robert J. McGoey, Esq.
271 North Avenue, Suite 1012
New Rochelle, New York 10801

                                                          /s/ Sherry Kramer
                                                          Sherry Kramer

Sworn to before me this
17th day of February, 2006

  /s/ Karen Schaefer
Notary Public

Karen Schaefer
Notary Public, State of New York
No. 01SC6104397
Qualified in Orange County
Commission Expires January 20, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                                          Chapter 11
                                                                Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                        Debtor.
---------------------------------x
S&S Fire Suppression Systems, Inc.

                                                                Adv. Pro. No. 05-08645-ASH
                        Plaintiff,
        v.
                                                                **Affidavit of Service**

TAP Plumbing & Heating Inc., and
Flintlock Construction Services, L.L.C.,

                        Defendants.
---------------------------------x

State of New York  )
County of Rockland )ss

        Sherry Kramer, being duly sworn, deposes and says:

        1.      I am over the age of 18, not a party to this action and I reside in Pomona, New York.

        2.      On February 22, 2006 I served the **Notice of Motion for Summary Judgment and Statement of Undisputed Facts** by depositing the same via First Class Mail in a sealed envelope with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York upon:

Robert J. McGoey, Esq.
271 North Avenue, Suite 1012
New Rochelle, New York 10801


                                                        /s/ Sherry Kramer
                                                        Sherry Kramer

Sworn to before me this
22nd day of February, 2006

__/s/ **Karen Schaefer**_____
Notary Public

Karen Schaefer
Notary Public, State of New York
No. 01SC6104397
Qualified in Orange County
Commission Expires January 20, 2008