# EXHIBIT "6"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                                    Chapter 11
                                                                                                Case No. 04-22183(ASH)
S&S FIRE SUPPRESSION SYSTEMS, INC.,

                                                            Debtor.
-----------------------------------------------------------------------x
S&S FIRE SUPPRESSION SYSTEMS, INC.,                   Adv.Pro.No. 05-08645(ASH)

                                                            Plaintiff,         **AFFIDAVIT IN**
                                                                                    **OPPOSITION TO**
                    -against-                                              **MOTION FOR**
                                                                                    **JUDGMENT BY**
TAP PLUMBING & HEATING, INC. and              **PLAINTIFF**
FLINTLOCK CONSTRUCTION SERVICES, LLC,

                                                            Defendants.
-----------------------------------------------------------------------x
STATE OF NEW YORK                    )
                                                      )ss.:
COUNTY OF WESTCHESTER       )

Richard Sanca, being duly sworn, deposes and says:

That I am the President of TAP Plumbing & Heating, Inc. and make this Affidavit in opposition to the motion by S&S Fire Suppression Systems, Inc., hereinafter referred to as "S&S," seeking judgment against TAP Plumbing & Heating, Inc.

In September of 2002 TAP Plumbing & Heating, Inc., hereinafter referred to as "TAP," entered into a contract with Flintlock Construction Services, LLC, hereinafter referred to as "Flintlock," for $1 million in connection with the construction of certain dormitory structures at SUNY in Purchase, New York, hereinafter referred to as "SUNY." The monies sought in this adversary proceeding result from an agreement between "S&S," and "TAP" pursuant to which "S&S" supplied equipment for use in the construction of the dormitories.

The contract between "TAP" and "Flintlock" required discussions between "TAP" and "Flintlock" as to monies that "TAP" believed were due under the contract, and thereafter a requisition generated solely by "Flintlock" would be presented to "SUNY" for payment. Throughout the course of "TAP's" performance of the contract with "Flintlock," "Flintlock" failed to pay to "TAP" sums that were justly due under the contract.

In or about January and February of 2003 "Flintlock" requested certifications that certain equipment installed by "S&S" was in place and operational in order to obtain payment from "SUNY." At that time, when requested to provide the certifications, "TAP" refused unless appropriate payments were made by "Flintlock" to "TAP" under the contract. At or about that time and with the knowledge that "Flintlock" was contractually obligated to pay to "TAP" for monies that were due, in turn, to "S&S," "S&S" entered into discussions directly with "Flintlock." Mr. Wayne Gray, an employee of "S&S," testified in Supreme Court of Westchester County on March 7th, 2006, concerning "S&S's" dealings at that time with "Flintlock." Mr. Gray stated that "Flintlock" agreed to pay directly to "S&S" the approximately $70,000.00, which is sought in this action, if "S&S" agreed to provide the certifications with regard to the equipment that they had supplied. These certifications were to be used, in turn, by "Flintlock" to obtain payment from "SUNY." As President of "TAP" I became aware of these arrangements in January and February of 2003.

By entering into this agreement with "Flintlock," "S&S" deliberately interfered with the contract between "TAP" and "Flintlock" with full knowledge of the nature of that contract and thereby deprived "TAP" of the ability to obtain payment of the $70,000.00 as well as other monies, which were due under the contract to "TAP."

2

Mr. Wayne Gray testified that pursuant to this agreement between "S&S" and "Flintlock" the certifications were completed and supplied to "Flintlock," which, in turn, utilized those certifications to obtain payment from "SUNY."

Upon receiving payment from "SUNY," "Flintlock" has refused to make payment to "TAP" and/or "S&S." This approximately $70,000.00, which is due to "S&S," forms a portion of the damages, which total over $249,000.00, which are claimed by "TAP" against "Flintlock" in the state court action

In that state court action "Flintlock" has asserted that "TAP" breached its contract by providing defective materials and labor in the performance of the contract. It is because of this allegation that "TAP" has interposed a Counterclaim in this adversary proceeding against "S&S."

"Flintlock" is in default in answering in this adversary proceeding, and judgment has been taken against it. "Flintlock" is similarly in default in answering the Cross-Claim of "TAP" in this matter as interposed in the Verified Answer, Counterclaim and Cross-Claim filed with this Court on October 6th, 2005.

For the foregoing reasons, I respectfully request that the motion for judgment be denied.

*[signature]*
RICHARD SANCA, President,
TAP Plumbing & Heating, Inc.

Sworn to before me this
20 day of March 2006

_____
Notary Public

ROBERT J. McGOEY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MC7833330
QUALIFIED IN WESTCHESTER COUNTY
MY COMM. EXPIRES SEPT 30, 20 06

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11
                                                                    Case No. 04-22183(ASH)
S&S FIRE SUPPRESSION SYSTEMS, INC.,

                                         Debtor.
------------------------------------------------------------x
S&S FIRE SUPPRESSION SYSTEMS, INC.,                                 Adv.Pro.No. 05-08645(ASH)

                                         Plaintiff,                 **AFFIDAVIT OF SERVICE**

              -against-

TAP PLUMBING & HEATING, INC. and
FLINTLOCK CONSTRUCTION SERVICES, LLC,

                                         Defendants.
------------------------------------------------------------x
STATE OF NEW YORK          )
                           )ss.:
COUNTY OF WESTCHESTER      )

    Suzanne Rellstab, being duly sworn, deposes and says:

1. I am over the age of 18, not a party to this action, and I reside in Armonk, New York.

2. On March 20, 2006 I served a true copy of Affidavit in Opposition to Motion for Judgment by Plaintiff of TAP Plumbing & Heating, Inc. by depositing the same via First Class Mail in a sealed envelope with postage prepaid thereon, in a post office or official depository of the U. S. Postal Service within the State of New York upon:
Rosemarie E. Matera, Esq.
Attorney for Plaintiff
Kurtzman Matera Gurock Scuderi & Karben, LLP
2 Perlman Drive
Spring Valley New York 10977

                                                                                                      SUZANNE RELLSTAB

Sworn to before me this
20th day of March 2006

Notary Public

ROBERT J. McGOEY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MC7833330
QUALIFIED IN WESTCHESTER COUNTY
MY COMM. EXPIRES SEPT. 30, 20 06

# EXHIBIT "7"

Rosemarie E. Matera (REM-0999)
Kurtzman Matera Gurock Scuderi & Karben, LLP.
2 Perlman Drive
Spring Valley, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                              Chapter 11
                                                    Case No. 04-22183(ASH)
S&S Fire Suppression Systems, Inc.

                    Debtor.
---------------------------------x
S&S Fire Suppression Systems, Inc.                  Adv. Pro. No. 05-08645(ASH)

                    Plaintiff,
     v.

TAP Plumbing & Heating, Inc. And
Flintlock Construction Services, L.L.C.,

                    Defendants
---------------------------------x

**ORDER GRANTING MOTION OF S&S FIRE SUPPRESSION
SYSTEMS, INC. FOR SUMMARY JUDGMENT**

The motion of S&S Fire Suppression Systems, Inc., the plaintiff herein ("S&S") by its attorneys, Kurtzman Matera Gurock Scuderi & Karben, LLP, for an order pursuant to Federal Rule of Bankruptcy Procedure 7056 and Local Rule 7056-1 granting summary judgment as against defendant TAP Plumbing & Heating, Inc. ("TAP") in an amount of $70,775.00; having been heard on March 23, 2006 and Kurtzman Matera Gurock Scuderi & Karben, LLP having appeared on behalf of S&S and Robert J. McGoey, Esq., having appeared on behalf of TAP, and upon all the pleadings heretofore had herein and consideration of the opposition thereto, and good cause having been shown and due notice having been given, it is

ORDERED, that S&S Fire Suppression systems, Inc. is granted judgment against TAP Plumbing & Heating, Inc. in an amount of $70,775.00; and it is further

ORDERED, that the above captioned adversary be and the same is hereby closed.

Dated:  White Plains, New York
        March 30, 2006

/s/ Adlai S. Hardin, Jr.
Honorable Adlai S. Hardin Jr.
United States Bankruptcy Judge