Michael R. Strauss (MS7780)
Hollander & Strauss, LLP
40 Cutter Mill Road Suite 203
Great Neck, New York 11021
Attorneys Flintlock Construction Services, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
S&S FIRE SUPPRESSION SYSTEMS, INC.,

                      Appellee,                    07 Civ. 2907 (CLB)

                  -against-

TAP PLUMBING & HEATING, INC., AND
FLINTLOCK CONSTRUCTION SERVICES, LLC.,

                      Appellant.
-------------------------------------------------------------X

## REPLY BRIEF OF APPELLANT
## FLINTLOCK CONSTRUCTION SERVICES, LLC

**HOLLANDER & STRAUSS, LLP**

| 40 CUTTER MILL ROAD - SUITE 203 | 119 LITTELT0N ROAD |
| GREAT NECK, N.Y. 11021 | PARSIPPANY, NEW JERSEY 07054 |
| (516) 498-1000 | (201) 944-7445 |


TABLE OF CONTENTS

Page

INTRODUCTION .................................................................. 1

ARGUMENT

    POINT I

    THE RULE 69(b)(4) STANDARD OF REVIEW .................................................................. 2

        A.    The *De Novo* Standard Applies ........................ 2
        B.    The Rationale for the *De Novo* Standard of Review ........................................... 3
        C.    Flintlock Did Not Waive Its Jurisdictional Defense ........................................ 4

    POINT II

    THE COURT BELOW ABUSED ITS DISCRETION IN PRESUMING THAT S&S WOULD BE PREJUDICED BY THE GRANT OF THE MOTION PURSUANT TO RULE 60(b)(1) .............................................................. 9

        A.    The Absence of Willfulness ............................ 9
        B.    The Absence of Prejudice .............................. 10
        C.    The Meritorious Defense Standard ................. 11
        D.    The Cases Cited By S&S Are Inapposite ..................................................... 11

        E.    Conclusion ................................................... 13

CONCLUSION ................................................................... 14

# TABLE OF AUTHORITIES

Page

American Institute of Certified Public Accountants v. Affinity
Card, Inc., 8 F. Supp.2d 372 (S.D.N.Y. 1998)..................................................1, 3

Analina Fabrique de Colorants v. Aakash Chems. and Dyestuffs,
Inc., 856 F.2d 873, 879 (7th Cir. 1988) ..............................................................11

Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2nd Cir. 2005).......................2

China Mariners' Assurance Corporation v. M.T.W.M. Vacy Ash et
al, 199 U.S. Dist. LEXIS 2674 (S.D.N.Y. 1999)................................................4

Chiulli v. Internal Revenue Service, 2006 U.S. Dist. LEXIS 76778,
98 A.F.T.R.2d (RIA)(7450)(S.D.N.Y. 2006)......................................................5

Cody v. Mellow, 59 F.3d 13, 15 (2nd Cir. 1995)................................................11

Coss v. Oneida County Supreme and Family Court, 2006 U.S.
Dist. LEXIS 95068..............................................................................................13

Covington Industries, Inc. v. Resintex, A.G., 629 F.2d 730, 732
N.3 (2nd Cir. 1980) ..............................................................................................4

Davis v. Musler, 713 F.2d 907, 916 (2nd Cir. 1983) ..........................................3

Dickerson v. Baker, 133 F.R.D. 105 (S.D.N.Y. 1990).......................10, 11, 13

Enron Oil Corp. v. Masonori, 10 F.3d 90, 96 (2nd Cir. 1993).........................12

Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3rd
Cir. 1982).............................................................................................................13

Gill v. Stolow, 240 F.2d 669, 672......................................................................10

Grace v. Bank Leumei Trust Company of New York, 443 F.3d
180, 187 (2nd Cir. 2006)...................................................................................2, 3

Greenberg v. Chrust, 2004 U.S. Dist. LEXIS 4745 (S.D.N.Y.
2004) ....................................................................................................................12

Koss v. Oneida County Supreme and Family Courts, 2006 U.S.
Dist. LEXIS 95068 (S.D.N.Y. 2007).................................................................2

Lawrence v. Trans World Airlines, Inc., 1993 U.S. Dist. LEXIS 11563 (S.D.N.Y. 1993) ......................................................................................... 12

In re Meadowcroft, 2005 Bankr. LEXIS 1062 (D. Vt. 2005) ........................... 12

Omni Capital Intl. v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 103, 98 L. Ed.2d 415, 108 S. Ct. 404 (1987) ............................................................... 3

Orix Financial Services, Inc. v. 1st Choice Freight Systems, Inc., 2000 U.S. Dist. LEXIS 53394 (S.D.N.Y. 2006) ................................................ 13

Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ................................................................................................................. 6

Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167 (2nd Cir. 2001) ............... 9, 10

In re Suprema Specialties, Inc. v. Silverman, 330 B.R. 40, 53 (S.D.N.Y. 2005) .................................................................................................. 10

Teitelbaum v. Equitable Handbag Co., (In re Outlet Department Stores, Inc.), 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985) ................................ 4, 5

Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724 (2nd Cir. 1998) ............................................................................................................. 7

Trehan v. Von Tarkanyi, 63 B.R. 1001 (S.D.N.Y. 1986) .................................... 6

Truskoski v. ESPN, Inc., 60 F.3d 74 (2nd Cir. 1995) ........................................ 12

Tuff-N-Rumble Mgt., Inc. v. Sugarhill Music Pub. Inc., 99 F. Supp.2d 450, 455 S.D.N.Y. 2000 .................................................................. 2, 4

U.S. v. One Toshiba Color Television, 213 F. 3d 147, 157 (3rd Cir. 2000) ................................................................................................................. 4

Velez V. Vasallo, 203 F. Supp.2d 312, 318 S.D.N.Y. 2002 ............................... 4

Wickham v. Liberty Mutual Insurance Company, 73 A.D.2d 742, 423 N.Y.S.2d 273 (3rd Dept. 1979) ..................................................................... 6

In re Worldwide Web Systems, Inc., 328 F.3d 1291 (11th Cir. 2003) ................................................................................................................. 5

Bankruptcy Rule 7004(b)(3) ................................................................................ 5
Fed. R. Civ. P. 12(h)(1) ....................................................................................... 9

F.R.Civ.P. 59(e) ...........................................................................................13
Fed. R. Civ. P. 60(b) ..........................................................2, 3, 4, 6, 8, 9, 12, 13
Fed. R. Civ. P. 60(b)(1)......................................................................1, 5, 9, 11, 12
Fed. R. Civ. P. 60(b)(4)......................................................................1, 2, 4, 5, 6, 8
Fed. R. Civ. P. 60(b)(6)..................................................................................5, 11, 12
28 U.S.C. §1603(d) ............................................................................................7
28 U.S.C. §1605(a)(2)........................................................................................7
28 U.S.C. §1608..................................................................................................8
28 U.S.C. §1963..................................................................................................8

## INTRODUCTION

Appellant Flintlock Construction Services, LLC ("Flintlock") submits this Reply Brief in further support of its appeal from the order of the Hon. Adlai S. Hardin, Jr., U.S.B.J. dated February 28, 2007, which denied Flintlock's motion pursuant to Fed. R. Civ. P. 60(b)(4) or, alternatively, Fed. R. Civ. P. 60(b)(1) to set aside the default judgment entered against it on January 27, 2006 in favor of Appellee S&S Fire Suppression Systems, Inc. ("S&S").

In an effort to avoid *de novo* review of Judge Hardin's determination, at least with respect to the patently insufficient service of process of the underlying Adversary Proceeding Summons and Complaint, S&S resorts to a new argument not presented to the Bankruptcy Court. In any event, S&S's new argument, that Flintlock somehow waived its jurisdictional defense, is unavailing.

Both the record and S&S's opposing Brief are devoid of any tangible arguments that the grant of the motion would have somehow prejudice S&S. In addition, S&S inappropriately relies upon a decision after trial entered in the Supreme Court of the State of New York, County of Westchester in a related proceeding which is not properly part of the record in this proceeding.[1]

---

[1] By the same token, S&S's assertion in its Preliminary Statement that "service was acknowledged" finds no support in the record. Flintlock submits that the facts with respect to the improper service of process of the Summons and Complaint in the adversary proceeding are undisputed and are accurately stated in Flintlock's moving papers (A-37; A-21-22).

## ARGUMENT

## POINT I

## THE RULE 60(b)(4) STANDARD OF REVIEW

A.  **The *De Novo* Standard Applies**

As set forth on pages "5" through "6" of Flintlock's initial Brief, the Second Circuit has repeatedly held that a *de novo* standard of review applies to an appeal from a denial of a motion pursuant to Rule 60(b)(4), as opposed to the deferential standard of review applicable to other Rule 60(b) motions.

Relying upon a confusing footnote contained in Grace v. Bank Leumei Trust Company of New York, 443 F.3d 180, 187 (2nd Cir. 2006), S&S argues that the Second Circuit "seemingly rejected" its prior holdings on the standard of review under Rule 60(b)(4). In addition to those cases cited on pages "5" through "6" of Flintlock's initial Brief, the Second Circuit has utilized the *de novo* standard of review for a Rule 60(b)(4) appeal in Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2nd Cir. 2005) ["we take this opportunity to reconfirm the holdings of *State St. Bank* and *Central Vermont* that the *de novo* standard of review is to be used for review of the denial of a motion to vacate a default judgment challenged, under subsection (b)(4), for lack of jurisdiction."].

In his December 29, 2006 denial of a motion to vacate an order denying an emergency petition for writ of habeas corpus on jurisdictional grounds, District Judge Sweet utilized the *de novo* standard of review in Koss v. Oneida County Supreme and Family Courts, 2006 U.S. Dist. LEXIS 95068 (S.D.N.Y. 2007). Judge Sweet stated, in part:

> "Unlike motions made pursuant to sub-sections of Rule 60(b) the court lacks discretion with respect to a motion made under Rule 60(b)(4); if void, the court must vacate the judgment." Tuff-N-Rumble Mgmt., Inc. v. Sugarhill

> Music Pub. Inc., 99 F.2d 450, 455 (S.D.N.Y. 2000); see also, Herbert, 341 F.3d at 189 ('the District Court has no discretion in ruling on a 60(b)(4) motion, the judgment is either void or it is not').
> Id.

Flintlock submits that the confusing footnote in Grace cannot serve to overcome the standard clearly articulated in the several cases contained in Flintlock's initial Brief and cited above, particularly since the *de novo* standard of review has been and continues to be utilized by almost every other circuit. Central Vermont Public Service Corp. v. Herbert, 341 F.3d 186, 189 (2nd Cir. 2003).

### B. The Rationale for the *De Novo* Standard of Review

In American Institute of Certified Public Accountants v. Affinity Card, Inc., 8 F. Supp.2d 372 (S.D.N.Y. 1998), the court granted a motion to vacate a default judgment pursuant to Rule 60(b)(4) for lack of personal jurisdiction due to ineffective service of process. In reaching its determination, the court stated as follows:

> "A motion predicated on [Rule 60(b)(4)] is unique, however, in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections. See Covington Industries, Inc. v. Resintex, A.G., 629 F.2d 730, 732 N.3 (2nd Cir. 1980).
>
> Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant. See Omni Capital Intl. v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 103, 98 L. Ed.2d 415, 108 S. Ct. 404 (1987). A judgment entered against a party not subject to the personal jurisdiction of the court is a nullity [citing Covington]. Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law. [citations omitted]"

Id. at 375.

3

See also, China Mariners' Assurance Corporation v. M.T.W.M. Vacy Ash et al, 199 U.S. Dist. LEXIS 2674 (S.D.N.Y. 1999)["unlike motions pursuant to other subsections of 60(b) the Court has no discretion regarding motions to vacate void judgments under Rule 60(b)(4)"]; Velez V. Vasallo, 203 F. Supp.2d 312, 318 S.D.N.Y. 2002 ["although a Rule 60(b)(4) motion must be made 'within a reasonable time' courts have been exceedingly lenient in defining the term 'reasonable time,' and have refused to apply the doctrine of latches as a bar to relief under the rule."]; Tuff-N-Rumble Mgt., Inc. v. Sugarhill Music Pub. Inc., 99 F. Supp.2d 450, 455 S.D.N.Y. 2000 ["unlike motions made pursuant to other subsections of Rule 60(b), the court lacks discretion with respect to a motion made under Rule 60(b)(4); if void, the court must vacate the judgment"]; Coss v. Oneida County Supreme and Family Court, 2006 U.S. Dist. LEXIS 95068.

Notwithstanding S&S's attempts to blur the distinction between the two branches of Flintlock's motion, "[n]early overwhelming authority exists for the proposition that there are no time limits to a challenge to avoid judgment because of its status as a nullity. Velez v. Vassallo, 203 F. Supp.2d 312, 318 (S.D.N.Y. 2002) [quoting U.S. v. One Toshiba Color Television, 213 F. 3d 147, 157 (3rd Cir. 2000)]. As stated by the Second Circuit, "courts have been 'exceedingly lenient in defining the term "reasonable time," with respect to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void "may be brought at any time.'" Central Vermont Public Service Corporation v. Herbert, 341 F.3d 186, 189 (2nd Cir. 2003).

### C.    Flintlock Did Not Waive Its Jurisdictional Defense

In the proceedings below, S&S did not assert that Flintlock's jurisdictional defense was somehow waived. Rather, S&S inappropriately relied on Teitelbaum v. Equitable Handbag Co., (In re Outlet Department Stores, Inc.), 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985) for the

proposition that Mr. Hollander's January 25, 2006 appearance as a replacement for Flintlock's sickly prior counsel in opposition to the motion for an entry of default judgment before Judge Hardin cured the deficiency in S&S's service of process or provided the Court with personal jurisdiction over Flintlock (A-122).[2]

Inexplicably relying on In re Worldwide Web Systems, Inc., 328 F.3d 1291 (11th Cir. 2003), S&S now posits that Flintlock somehow waived its jurisdictional defense. A review of the decision in In re Worldwide Web, and the transcript of proceedings before Judge Hardin on January 25, 2006, demonstrate that S&S's new position is without factual or legal support.

In re Worldwide Web Systems involved an appeal from a Bankruptcy Court order denying a motion to set aside a final default judgment which was affirmed by the District Court. On January 4, 2001, defendants' counsel filed a Notice of Appearance and on January 8, 2001, moved to set aside the final default judgment pursuant to Rule 60(b)(1) and (b)(6). "Notably, [defendant] Valdez did not challenge personal jurisdiction or sufficiency of service of process under Rule 60(b)(4)." Id. at 1294.

Defendant Valdez did not appear at the January 23, 2001 hearing scheduled by the Bankruptcy Court which denied the motion to set aside the final default judgment. Thereafter, the defendants appealed to the District Court and "also raised for the first time the claim that

---

[2] That decision, however, did not support S&S's position. Specifically, in Teitelbaum, the Summons and Complaint in the adversary proceeding were mailed in accordance with the requirements of F.R.B.P. 7004(b)(3) and was specifically addressed to the "President or Other Officers" of the defendant Equitable. In addition, the defendant corporation filed a Proof of Claim with the Bankruptcy Court, thereby subjecting itself to jurisdiction. Thus, it is hardly surprising that the court ultimately determined that "[g]iven that Equitable in its proof of claim provided this address to the trustee, it cannot now claim that service of process at that address was either defective or violative of Equitable's rights." Id. at 540. In any event, it has been held that "actual notice does not cure defective or unproven service," such that even where a party had actual notice of the pending action, the default judgment must be set aside as void due to the lack of personal jurisdiction. China Mariners' Assurance Corp. at 25.

final default judgment should be set aside as void for lack of proper service of process pursuant to 60(b)(4)..." Id. at 1294-95.

In determining that the defendants had waived the defense of personal jurisdiction, the Eleventh Circuit's analysis was, as follows:

> "Consistent with *Bauxites*, we have found that a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance. See *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)(explaining that 'a party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent')."
> Id. at 1299-1300.

Accordingly, the Eleventh Circuit held that "when a party first moves under Rule 60(b) to set aside a default judgment in the bankruptcy court (absent a compelling showing that we should make an exception) that failure to raise a claim under Rule 60(b)(4) for insufficient service of process waives the claim and we will not address it on appeal." Id. at 1300.

Similarly, in Trehan v. Von Tarkanyi, 63 B.R. 1001 (S.D.N.Y. 1986), an Answer to the Complaint was filed on the defendant's behalf, which apparently did not contain a jurisdictional defense. Id. at 1007. In connection with the issue of whether or not the attorney filing the Answer was authorized to represent the defendant, District Judge Pollack indicated that if the attorney was not so authorized, his appearance would not constitute a waiver of any jurisdictional defect based upon Wickham v. Liberty Mutual Insurance Company, 73 A.D.2d 742, 423 N.Y.S.2d 273 (3rd Dept. 1979). Id. at 1007, fn. 9.

In the case at bar, Mr. Hollander's January 24, 2006 telephone request to adjourn the motion for a default judgment was denied by the Court (A-26). A review of the transcript of the proceedings before Judge Hardin on January 25, 2006, demonstrates that the Bankruptcy Court

6

would not entertain the substance of Flintlock's opposition to the entry of a default judgment and deferred consideration of those issues until the submission of a motion to vacate the default judgment (A-11-A-13).[3] Thus, there was no "appearance" by Flintlock (which was why Judge Hardin granted the motion for entry of a default judgment) and, in any event, there was no reasonable opportunity for Flintlock's new counsel to interpose, much less ascertain the existence of, the jurisdictional defense in the limited number of business hours that transpired between new counsel's engagement and the hearing before Judge Hardin.

Moreover, contrary to S&S's suggestion, Judge Hardin did not determine that Flintlock waived its jurisdictional defense. Rather, Judge Hardin concluded the February 22, 2007 hearing on the motion to vacate a default judgment with the following statement:

> "I don't know whether you had a meritorious defense or not. I haven't the slightest idea, but your client and your firm had ample opportunity to have your day in court – you waived it. The motion is denied."
> (A-142)

Stated otherwise, Judge Hardin did not determine that Flintlock waived its jurisdictional defense. To the extent that such was Judge Hardin's intent, such a determination was clearly reversible error.

There was no "appearance" by Flintlock until its motion to vacate the default judgment. In <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724 (2nd Cir. 1998), plaintiff commenced an action against defendant in the United States District Court for the Eastern District of New York to obtain a money judgment, asserting jurisdiction under 28 U.S.C. §§1603(d) and 1605(a)(2). The defendant failed to answer the complaint or otherwise appear in that action, resulting in the entry of a default judgment against it in April 1989. <u>Id.</u> at 727. In

---

[3] Mr. Hollander also explained to the Bankruptcy Court that he had been retained on the day prior to the return date of the motion for entry of a default judgment (A-9).

June 1992, the plaintiff sought to enforce the default judgment in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1963. The defendant appeared in that action and moved for summary judgment denying enforcement of the default judgment, arguing that service of process was improper under 28 U.S.C. §1608. Id. The District Court's denial of the defendant's motion for summary judgment was appealed to the United States Court of Appeals for the District of Columbia.

While the appeal was pending in the Circuit Court, the defendant made its first appearance in the Eastern District action in May 1993, moving for relief from the judgment pursuant to Rule 60(b) and several non-jurisdictional grounds. Id. Although the motion was not predicated on Rule 60(b)(4), the moving papers included a footnote in which the defendant asserted a challenge to the propriety of the service of process. Id. The District Court denied the motion in August 1993, resulting in the defendant's appeal to the Second Circuit. In May 1994, the Second Circuit affirmed the Eastern District's order denying the defendant's Rule 60(b) motion. While a petition for rehearing was pending before the Second Circuit, "a divided panel in the D.C. Circuit overturned the decision of the D.C. District Court, holding that" defendant was not subject to personal jurisdiction and that the underlying default judgment was therefore "void and unenforceable." Id. at 728.

Upon remand to the Eastern District, the defendant "filed a second motion for relief from the default judgment in the EDNY, now pursuant to Rule 60(b)(4). In this motion, [defendant] claimed that the judgment was void for lack of proper service and that the ruling of the D.C. Circuit was a final resolution of that issue to which both parties are bound." Id. at 728 (emphasis supplied). The second motion was denied by the Eastern District and was again appealed to the

Second Circuit. In the second appeal, the Second Circuit addressed the issue of the defendant's preservation of its jurisdictional defenses, stating:

> "Waiver of the defenses of insufficiency of service of process and lack of personal jurisdiction is generally governed by Fed. R. Civ. P. 12(h)(1), which establishes that:
>
>> [a] defense of lack of jurisdiction over the person ... insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Id. at 729-30

The Second Circuit ultimately held that the defendant's appearance in the Eastern District action to attack the validity of the judgment on non-jurisdictional grounds "cannot be deemed a waiver" Id. at 730. In view of the fact that Flintlock's Rule 60(b) motion, which is the subject of this appeal, is the first and only such motion, the issue of waiver is not even remotely implicated.

## POINT II

### THE COURT BELOW ABUSED ITS DISCRETION IN PRESUMING THAT S&S WOULD BE PREJUDICED BY THE GRANT OF THE MOTION PURSUANT TO RULE 60(b)(1)

As previously briefed, the criteria applicable to a motion under Rule 60(b)(1) are: (1) whether the default was willful; (2) the level of prejudice that may occur to the non-defaulting party if the leave is granted; and (3) whether the defendant has a meritorious defense. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2nd Cir. 2001).

A.   **The Absence of Willfulness**

In view of the facts contained in Flintlock's moving Affidavits, it defies logic that Flintlock's failure to timely interpose an Answer to the Complaint could be characterized as

"willful." There is nothing in the record to contradict the fact that Flintlock had every reason to believe that its former counsel, Mr. Mahoney, would timely interpose an Answer and protect its interests in this matter. Upon his engagement, Flintlock's new counsel, Larry B. Hollander, Esq., immediately contacted the Bankruptcy Court by telephone to request an adjournment of the motion and appeared to argue in opposition thereto on January 25, 2006 (A-8-13).

In Pecarsky, the plaintiffs argued that they would be prejudiced by the grant of defendants' motion to vacate the default judgment because they incurred further court costs and counsel fees in connection with the execution of the default judgment and the submission of an expert accountant's report. The Second Circuit found plaintiff's argument to be "unpersuasive," particularly since the execution of the judgment was the next logical step for plaintiffs to take at the time of the default. 249 F.3d at 174. In the case at bar, the fact that S&S conducted discovery with defendant TAP and thereafter successfully moved for summary judgment against TAP, was simply the next logical step in the prosecution of S&S's claims. Stated otherwise, S&S has failed to articulate that the grant of the motion to vacate the default judgment would render those actions unnecessary.

**B.    The Absence of Prejudice**

The Court below determined that Flintlock's delay, in and of itself, constituted prejudice to S&S. Delay alone, however, is "not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2nd Cir. 1983) [citing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3rd Cir. 1982); Gill v. Stolow, 240 F.2d 669, 672]. As argued before Judge Hardin on February 22, 2007, "it must be shown that delay will 'result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Id.; see also, In re Suprema Specialties, Inc. v. Silverman, 330 B.R. 40, 53 (S.D.N.Y. 2005) ["to

establish prejudice, a plaintiff must demonstrate that delay will result in loss of evidence, create increased difficulties of discovery or provide opportunities for fraud and collusion. Davis, 713 F.2d at 916"]. Thus, while Flintlock's motion arguably should have been made earlier, neither the delay in making the motion nor the grant of the motion itself would have caused any cognizable prejudice to S&S.

### C.  The Meritorious Defense Standard

In order to satisfy the criterion of a meritorious defense, "the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.' Am. Alliance, 92 F.3d at 61, quoting Analina Fabrique de Colorants v. Aakash Chems. and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir. 1988)." 330 B.R. at 53. Here, Flintlock provided affidavits and exhibits documenting that the trigger for any liability under the Letter Guarantee had not yet incepted (i.e. no money was paid by Flintlock to defendant TAP) (A-35-36; A-59; A-61-66). Flintlock also demonstrated that S&S's allegation that it had performed the sprinkler inspection for the sprinkler piping was entirely false (A-36; A-68-87).[4]

### D.  The Cases Cited by S&S Are Inapposite

S&S cites a litany of cases that are factually inapposite to the motion to vacate a default, such as the one now being appealed. For example, Chiulli v. Internal Revenue Service, 2006 U.S. Dist. LEXIS 76778, 98 A.F.T.R.2d (RIA)(7450)(S.D.N.Y. 2006) involved a motion pursuant to Rule 60(b)(1) and/or 60(b)(6) in which plaintiff sought relief from a judgment dismissing its claims for failure to commence a tax refund action within the statute of limitations. Unlike the case at bar, the plaintiffs in Chiulli "were given a full and fair opportunity to oppose defendant's motion to dismiss, ..." Id. at 9. Thus, it is hardly surprising that the court in Chiulli

---

[4] S&S has repeatedly failed to even address its failure to perform this work.

ultimately determined that there was "nothing extraordinary about the fact that [plaintiffs'] failure to comply with certain procedural requirements in a timely manner required dismissal of their claims. Id.

Greenberg v. Chrust, 2004 U.S. Dist. LEXIS 4745 (S.D.N.Y. 2004) involved an application under Rule 60(b)(1) for amendment of a judgment on the ground that it was filed without notice to the moving party. Since the docket reflected the entry of the judgment, the court determined that the movant's "conduct provides no basis for granting the relief sought under 60(b), as he has failed to show good cause for not acting sooner to amend the October Judgment." Id. at 15.

The other cases cited by plaintiff are equally unavailing. For example, in Lawrence v. Trans World Airlines, Inc., 1993 U.S. Dist. LEXIS 11563 (S.D.N.Y. 1993), plaintiff's Rule 60(b)(1) motion was filed thirteen months after the order was entered by the Court. Dickerson v. Baker, 133 F.R.D. 105 (S.D.N.Y. 1990) concerned "the failure of the clerk of the court to make available for public inspection the complete docket for th[e] case." Id. Plaintiff's subsequent motion pursuant to Rule 60(b)(1) and/or Rule 60(b)(6) some three months later was deemed not made within the "reasonable time" required by such a motion.

In re Meadowcroft, 2005 Bankr. LEXIS 1062 (D. Vt. 2005) addressed a motion made under Rule 60(b) for relief from a Stipulated Order, pursuant to which the debtor, in reliance upon the Stipulation made payments to the creditor ["Under the circumstances of this case, the Court finds that Chase has failed to offer any compelling explanation for their five month delay in discovering the mathematical error and seeking relief from the Stipulation Order on that basis"]. See also, Truskoski v. ESPN, Inc., 60 F.3d 74 (2nd Cir. 1995) [motion to amend

12

judgment pursuant to F.R.Civ.P. 59(e) or 60(b) made some eighteen months after judgment was entered was denied as untimely].

### E.     Conclusion

The Court of Appeals for the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not on by default." Orix Financial Services, Inc. v. First One Choice Freight Systems, Inc., 2000 U.S.D. LEXIS 53394 (S.D.N.Y. 2006) [quoting Cody v. Mellow, 59 F.3d 134, 15 (2nd Cir. 1995)]. Moreover, "'good cause' and the criteria of the Rule 60(b) set aside should be construed generously. See, e.g., Davis, 713 F.2d at 915, Meehan, 652 F.2d at 277..." Enron Oil Corp. v. Masonori, 10 F.3d 90, 96 (2nd Cir. 1993).

Finally, S&S's reliance on the decision after trial of the Supreme Court of the State of New York, County of Westchester, is unavailing for several reasons. First, the text of that decision is not part of the record before Judge Hardin and was inappropriately made part of Appellee's Appendix in this appeal. Second, Flintlock has duly filed an appeal from that decision and anticipates that the decision will be reversed as a result of the appeal. Third, in the event the Court is inclined to consider that decision in deciding this appeal, the decision apparently includes a monetary award for the value of the labor and materials allegedly furnished by S&S at the construction project at which to S&S's claims arose, resulting in a duplicate award against Flintlock for the same liability in two separate courts. Query: does S&S seek recovery from both Flintlock and TAP and/or does it acknowledge that it is not entitled to double recovery?

## **CONCLUSION**

Based upon the foregoing, Appellant Flintlock Construction Services, LLC respectfully requests that the Court enter an order reversing the February 26, 2007 Order Denying Motion of Flintlock Construction Services, LLC to Reopen Adversary Proceeding and Set Aside Default Judgment of the Honorable Adlai S. Hardin, Jr., U.S.B.J. and grant the motion vacating the Default Judgment entered against Flintlock in this adversary proceeding.

Dated: Great Neck, New York
      June 21, 2007

                                      Respectfully submitted,

                                      **HOLLANDER & STRAUSS, LLP**
                                      Attorneys for Appellant
                                      Flintlock Construction Services

                                      By:_____
                                          Michael R. Strauss (MS7780)
                                      40 Cutter Mill Road, Suite 203
                                      Great Neck, New York 11021
                                      (516) 498-1000

G:\1324-105\S&S Appeal\Reply Brief.doc