UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Debtor.
----------------------------------------------------------------x
FLINTLOCK CONSTRUCTION SERVICES, LLC

Appellant,

- against -

S&S FIRE SUPPRESSION SYSTEMS, INC.,

Appellee.
----------------------------------------------------------------x

Chapter 11
Case No. 04-22183 (ASH)


District Court Docket No.

07 Civ. 2907 (CLB)


Adv. Pro. No. 05-08645 (ASH)

Brieant, J.

Before the Court is an appeal from a  February 28, 2007 Order of Judge Hardin, U.S.B.J., which denied Appellant Flintlock's motion to reopen the above Adversary Proceeding, and to Set Aside the Default Judgment under Federal Rules of Civil Procedure ("FRCP") Rule 60(b)(4), or alternatively, under FRCP Rule 60(b)(1), entered against it on January 27, 2006.  Appellee S&S was the Debtor in the underlying bankruptcy.  Appellant claims that the default judgment entered against it was void because S&S failed to effect proper service of process in the adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") Rule 7004(b)(3).


The following facts appear of record.  Flintlock ("Appellant") is a Design/Build Contractor, which entered into a contract with the Purchase College Foundation Housing Corporation ("Owner") for the construction of thirteen new student residential buildings at the

1

State University of New York, College of Purchase, which was to consist of two phases of construction (the "Project"). On or about September 9, 2002, Flintlock entered into a subcontractor agreement with TAP Plumbing and Heating, which was to provide Flintlock with plumbing services and equipment for the project. TAP thereafter entered into an agreement with S&S ("Appellee") as sub-subcontractor, which was to provide and install certain materials. The sub-contract between TAP and S&S was in the amount of $199,900.00. *A-47 (Adversary Proceeding Verified Complaint).*

S&S submitted an Application and Certificate for payment (App. No. 3) for payment of $70,775.00. Apparently TAP breached the subcontract with S&S by failure to remit certain payments, and S&S ceased or slowed its work. In order to complete the first phase of the Project, Flintock needed S&S to perform certain sprinkler inspections, and by letter dated February 24, 2003, stated that it "acknowledges the representations of both S&S and TAP that S&S is owed appx. $82,000 by TAP as of this date." *A-43.* It also stated: "Flintlock agrees that payments due to TAP from pending and future requisitions will be paid to S&S until S&S has been fully paid according to the terms of its contract with TAP." *A-43; A-35.* S&S claims that in reliance on Flintlock's promise to pay S&S directly, S&S performed the inspections on the work it had performed, which allowed Flintlock to obtain a Certificate of Occupancy for the Project.

Flintlock claims that by February 26, 2003, it paid S&S $15,000.00, in connection with the February 24, 2003 letter, in an effort to induce S&S to perform the inspections, but that about

2

a week and a half later, it was forced to terminate TAP's subcontract, by letter dated March 7,

2003. *A-59.*  Flintlock claims that S&S never performed the sprinkler inspection and that D&T,

which was a completion contractor for TAP, performed the sprinkler inspections after TAP's

termination.  Flintlock asserts that it has performed its obligations and bears no further liability

toward S&S.


On February 4, 2004, S&S filed a voluntary petition for relief under Chapter 11 of the

U.S. Bankruptcy Code in the Bankruptcy Court for the Southern District of New York.  S&S

filed a verified complaint against Flintlock and TAP in the adversary proceeding seeking

turnover to the estate a payment of $70,775.00.  The complaint was mailed via first class mail in

an envelope post-marked August 25, 2005 to:

> Flintlock Construction Services
> 100 Putnam Green
> Greenwich, CT 06830

*See A-89.*  Flintlock asserts that the envelope was forwarded by the U.S. Postal Service to its

current address at: 77 Water Street, Greenwich, CT.  Although Flintlock argues here that

defective service rendered the Bankruptcy Court's default judgment void, it acknowledges that it

forwarded the Complaint to its corporate counsel, Mr. John Mahoney.  Flintlock asserted in the

Bankruptcy Court that it believed that Mr. Mahoney would file an Answer to the Complaint,

which he did not, apparently due to law office failure.


The Clerk of the Bankruptcy Court entered default against Flintlock on November 28,

2005, for Flintlock's failure to file an answer or respond to the Complaint.  S&S thereafter filed

a motion for the entry of a judgment by default.  In January of 2006, Flintlock received notice of

S&S' Motion for the Entry of Judgment by Default, delivered and served in the same manner as

was the Complaint in August of 2005. *A-26; A91*.  Flintlock acknowledges that it immediately

forwarded the motion papers to Attorney Mahoney.  On January 23, 2006, two days before the

return date of the Default Motion, Mr. Mahoney advised Flintlock that an answer had not been

interposed and of the Motion's return date on January 25, 2006.  On January 24, 2006, Flintlock

fired Mr. Mahoney and retained Hollander & Strauss, LLP, which firm currently represents it

and

was apparently already representing Flintlock on other matters.  That day, Mr. Hollander

telephoned Chambers of Bankruptcy Judge Hardin to request an adjournment of the impending

conference, and his request was denied.  Attorney Hollander then appeared on January 25, 2006,

on behalf of Flintlock to oppose the Motion for a Default Judgment, but a Default Judgment in

the amount of $70,775.00 (and interest, fees and costs) dated January 25, 2006, was entered

against Appellant Flintlock on January 27, 2006.  The Bankruptcy Judge observed during that

conference that a motion to reopen the default judgment might be made by counsel, if he was so

advised, but that his client was "woefully in default" as the client had the Complaint since last

August and had been in default since September. *See Jan. 25, 2006 Transcript at A-9-13*.


On January 26, 2007 (365 days after the Default Judgment was entered), Flintlock moved

to vacate the Judgment and to reopen the adversary proceedings, based on excusable neglect

under FRCP Rule 60(b)(1).  A hearing was conducted before Judge Hardin on February 22,

2007, at the end of which, he denied the motion on the record.  A formal order denying the

motion to reopen was entered February 28, 2007.  Flintlock now appeals that denial.

*Standard*

A district court reviews a Bankruptcy Court's findings of fact under the clearly erroneous standard.  *Federal Rules of Bankruptcy Procedure ("FRBP") Rule 8013.*  It reviews conclusions of law *de novo.  In re: Arochem Corp.,* 176 F.3d 610, 620 (2d Cir. 1999).  The parties dispute, [and as discussed further *infra*, the Court deems it irrelevant to the outcome], whether a *de novo* review or one for abuse of discretion should apply to Judge Hardin's determination as to the sufficiency of process in this case.

FRCP Rule 60(b) provides, *inter alia*, that on motion and "upon such terms as are just" a court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void.

> With regard to motions brought under FRCP Rule 60(b), our Court of Appeals has held:
>
> Generally, we review Rule 60(b) motions for abuse of discretion. However, a district court's ruling on a Rule 60(b)(4) motion is reviewed de novo where there are no disputes over the subsidiary facts pertaining to [the] issue of jurisdiction.  Under Rule 60(b)(4) a deferential standard of review is not appropriate because if the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4). Almost every Circuit has adopted de novo review of Rule 60(b)(4) motions, and we know of no Circuit that defers to the district court on a Rule 60(b)(4) ruling.

*Central Vermont Public Service Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003)(quotations and citations omitted).  More recently, however, the Court of Appeals held:

5

When we recognized in *Central Vermont Public Service Corp. v. Herbert*, 341 F.3d 186 (2d Cir. 2003), that "almost every Circuit has adopted de novo review of Rule 60(b)(4) motions, and we know of no Circuit that defers to the district court on a Rule 60(b)(4) ruling," we were referring to a district court judgment refusing to find a judgment void. The language that *de novo* review is appropriate for Rule 60(b) motions has not been adopted in this Circuit. As we explained in *Lawrence*, "deferential abuse of discretion review of a district court's Rule 60(b) decisions reflects both the proximity of a district court to the facts of a case and the fact that a district court typically is being asked under Rule 60(b) to revisit its own final order or decision." 293 F.3d at 623.

*Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 187 (2d Cir. 2006).

The Bankruptcy Rules provide, in pertinent part:

(b) Service by first class mail. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
...

> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

USCS Bankruptcy R 7004(b).

Appellant Flintlock claims that S&S delivered the Complaint upon Flintlock by first class mail *without addressing the process to the attention of any officer, managing agent or general agent of Flintlock,* and that due to this omission of an agent's name or title, service was fatally defective, rendering the default judgment void as a matter of law, for lack of personal jurisdiction.  Our Court of Appeals recently held:

> A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it

6

acted in a manner inconsistent with due process of law." Texlon Corp. v. Mfrs. Hanover Commercial Corp., 596 F.2d 1092, 1099 (2d Cir. 1979) (quoting 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2862 at 198 (1973)); see also Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 39 (2d Cir. 1989).

*Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006).


In the hearing conducted February 22, 2007, *see A-132 - 142,* the Bankruptcy Judge held:

Nothing was done for a year. In the meanwhile, the lawsuit went on against TAP Plumbing & Heating. ... you state that there was no prejudice.  Of course, there was prejudice.  Putting aside the delay - - and that's prejudice - - it's now more than a year and a half since this adversary proceeding was commenced to recover an account receivable that's based upon a letter or two that was annexed to the complaint. Was there prejudice? Of course, there was prejudice. The adversary proceeding went forward against TAP.  While your client was doing nothing the adversary proceeding went forward.

...

Now, maybe Mr. Mahoney ... was sickly as you referred to him but that's your client's problem.  That shouldn't be S&S' problem.  In any event, it was eventually turned over to lawyers that were not sickly, namely your firm, and your firm didn't do anything about it other than to make a phone call asking for an adjournment which I declined and even then failing to put in any papers and then failing for a whole year to do anything at all and in the meanwhile the litigation went forward against the co-defendant in a circumstance where the claims of the plaintiff, S&S, against both TAP and your client were inextricably involved with each other, the lawsuit went forward and went to a conclusion.
So is there prejudice? Absolutely, there's prejudice.  Is there wilfulness? Absolutely.  Your firm knew that the suit was going forward and just didn't do anything about it.

*A-134-136.* Judge Hardin went on to explain:

You knew your client was in default - - your firm - - your client knew it by that time but still nobody put any papers in.  Nobody did anything.  Nobody put an answer in. ... It's very simple to put an answer in before the return date of the motion for a default judgment.  Even between the time that your Mr. Hollander called my chambers for an adjournment and the return date of the motion there was time to put an answer in and some kind of a piece of paper saying, please, give us a chance to litigate this on the merits, we want to be a part of this lawsuit, which wasn't done and then your firm waited a year to do what was spoken of right at the hearing.

*A-139.* He also found that "there was wilful and inexcusable delay ... by your client and by your firm." *A-141.* "I don't know whether you had a meritorious defense or not.  I haven't the slightest idea but your client and your firm had ample opportunity to have your day in court. You waived it." *A-142.*

Rule 60 provides a means for relief upon "such terms as are just." In *Central Vermont,* the Court of Appeals explained

> Because "final judgments should not be lightly reopened, [Rule 60(b)] may not be used as a substitute for timely appeal. . . . Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer, 793 F.2d at 61-62 (citations omitted). In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court "plainly usurped jurisdiction," or, put somewhat differently, when "there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." Id. at 65 (internal quotation marks and citations omitted).

*Central Vermont PSC v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003).

Here, the Bankruptcy Court relied heavily on the procedural facts in declining to reopen a closed proceeding, and under either a *de novo* review, or a review for abuse of discretion, the Bankruptcy Court's decision should be, and is affirmed.  Counsel conceded that even if service were improper (for the failure to include an agent's title or name), his client was served and it actually received the process, which it delivered to its attorney.  *A-133.*  The Bankruptcy Court found, and this Court agrees that service was received, notice was had, and an opportunity to be heard was had.  This is all the due process that is required.  Indeed, Appellant's counsel appeared at the January 25, 2006, hearing stating an intention to defend the matter on the merits.  Even if this Court would not have deemed the telephone request for an adjournment to serve as a general

8

this Court would not have deemed the telephone request for an adjournment to serve as a general appearance, the actual appearance on the return date and addressing the merits in open court served as such. This is not a case in which the Bankruptcy Court had "no arguable basis on which it could have rested a finding that it had jurisdiction." *See Central Vermont, supra.*

For the foregoing reasons, the Order of the Bankruptcy Court appealed from is affirmed. The Clerk shall file a final judgment to that effect.

SO ORDERED.

Dated: White Plains, New York
        July 26, 2007

                                    Charles Brieant

                                    Charles L. Brieant, U.S.D.J.

9